McDONALD v McDONALD

1. STATUTES—UNIFORM CHILD CUSTODY JURISDICTION ACT—INTENT.

The Uniform Child Custody Jurisdiction Act is intended, in part: to avoid jurisdictional competition and conflict with the courts of other states; to see that a custody decree or judgment is rendered in the state which can best decide the case in the interest of the child; to assure that child custody litigation ordinarily takes place in the state having the closest connection with the child and his family; and to deter abductions and other unilateral removals of children undertaken to obtain a custody award (MCLA 600.651; MSA 27A.651).

2. PARENT AND CHILD—CHILD CUSTODY DISPUTES—JURISDICTION—SUITS IN OTHER STATES—UNIFORM CHILD CUSTODY JURISDICTION ACT—STATUTES.

A court having jurisdiction to decide a child custody dispute may properly refuse to exercise such jurisdiction where a proceeding concerning the custody of the child is pending in another state's court at the time of filing the action and where the other state's court is exercising its jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction Act (MCLA 600.656[1]; MSA 27A.656[1]).

3. PARENT AND CHILD—INFANTS—UNIFORM CHILD CUSTODY JURISDICTION ACT—JURISDICTION—STATUTES.

A court of another state can exercise jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction Act even though that state has not enacted the act (MCLA 600.651 et seq.; MSA 27A.651 et seq.).

4. PARENT AND CHILD—CHILD CUSTODY DISPUTES—PRIORITY IN TIME—UNIFORM CHILD CUSTODY JURISDICTION ACT—INCONVENIENT FORUM—STATUTES.

Priority in time determines which court will proceed with a child custody determination where the courts of more than one state

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 42 Am Jur 2d, Infants §§ 28, 29, 33–41.

Jurisdiction to award custody of child having legal domicil in another state. 4 ALR 2d 7.

have jurisdiction under the Uniform Child Custody Jurisdiction Act; however, the application of the inconvenient forum principle may result in the handling of the case by the other state's court (MCLA 600.653, 600.657, 600.664; MSA 27A.653, 27A.657, 27A.664).

5. PARENT AND CHILD—CHILD CUSTODY DISPUTES—JURISDICTION—UNIFORM CHILD CUSTODY JURISDICTION ACT—INCONVENIENT FORUM —STATUTES.

A court which has jurisdiction in a child custody dispute under the Uniform Child Custody Jurisdiction Act may decline to exercise its jurisdiction before making a decree or judgment where it finds that it is an inconvenient forum to make such a custody determination under the circumstances and where the court of another state is a more appropriate forum (MCLA 600.657; MSA 27A.657).

6. PARENT AND CHILD—INTERESTS OF CHILD—INCONVENIENT FORUM— FACTORS—UNIFORM CHILD CUSTODY JURISDICTION ACT—STATUTES.

A court shall consider whether it is in the interest of the child that another state assume jurisdiction over a child custody dispute where the inconvenient forum principle is advanced; for this purpose the following factors may be taken into account: (1) if another state is or recently was the child's home state, (2) if another state has a closer connection with the child and his family or with the child and one or more of the contestants, (3) if substantial evidence is more readily available in another state, (4) if the parties have agreed on another forum which is no less appropriate, and (5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in the Uniform Child Custody Jurisdiction Act (MCLA 600.657; MSA 27A.657).

7. PARENT AND CHILD—CHILD CUSTODY DISPUTES—JURISDICTION— SUITS IN OTHER STATES—HOME STATES—UNIFORM CHILD CUSTODY JURISDICTION ACT—STATUTES.

A Michigan court may properly refuse to exercise jurisdiction over a child custody dispute where it finds that a similar suit has already been initiated in another state which is the child's home state and the state having the closest connection to all of the parties and where exercising jurisdiction would conflict with the intent of the Uniform Child Custody Jurisdiction Act (MCLA 600.651 *et seq.;* MSA 27A.651 *et seq.).*

8. Parent and Child—Child Custody Disputes—Jurisdiction.

A court may properly refuse to exercise jurisdiction in a child custody dispute where an exercise of such jurisdiction would promote jurisdictional competition, disregard the closer connection of the child and family with another state, and encourage the unilateral removal of children for purposes of obtaining custody awards.

9. Parent and Child—Out-of-State Child Custody Decrees—Serious Mistreatment of Child.

Enforcement of an out-of-state child custody decree in this state may be stayed where such enforcement would result in the serious mistreatment of the child.

Appeal from Leelanau, Charles M. Forster, J. Submitted February 3, 1977, at Grand Rapids. (Docket No. 30282.) Decided March 3, 1977.

Petition by Anne K. McDonald against Kirk A. McDonald for an award of custody of the parties' daughter Kirsten Marie McDonald. Plaintiff's petition dismissed. Plaintiff appeals. Affirmed.

*Murchie, Calcutt & Sondee* (by *John P. Racine, Jr.),* for plaintiff.

*Hubbell, Blakeslee, McCormick & Houlihan* (by *Jerome Colligan),* for defendant.

Before: D. F. Walsh, P. J., and Quinn and Bashara, JJ.

D. F. Walsh, P. J. Plaintiff appeals from a judgment of the Leelanau County Circuit Court dismissing her petition for custody of the parties' child, Kirsten Marie.

The essential facts are undisputed. Plaintiff and defendant were married in Northport, Michigan, on October 9, 1971. The parties remained in Michigan until May, 1972, after which they lived in New Mexico. In September, 1973, they moved to

the State of Washington where they resided until the present controversy. Kirsten Marie, the couple's only child, was born September 23, 1974.

In January, 1976, plaintiff commenced divorce proceedings in King County Superior Court, Washington. These proceedings were dismissed by stipulation of the parties on March 5 following their reconciliation. On March 22 plaintiff, without defendant's knowledge, took the parties' child and returned to the home of her parents in Northport. The following day, March 23, defendant initiated divorce proceedings in King County Superior Court and an order to show cause why defendant should not be awarded temporary custody was issued. Plaintiff was served on March 30 in Michigan.

Plaintiff commenced the present custody suit on April 9. A hearing on the circuit court's order to show cause, originally set for May 5, was postponed until June 4.

On April 27 plaintiff's counsel appeared specially in the Washington court to challenge its jurisdiction to decide the custody matter. The question of jurisdiction was decided adversely to plaintiff whereupon plaintiff's counsel refused further participation in the hearing. On May 14, the court issued an order granting defendant temporary custody. A certified copy of the Washington order was filed with the Leelanau County Circuit Court on June 3.

A hearing on the Michigan show cause order was held June 4 with both parties represented. Arguments were limited to the question of jurisdiction. At the conclusion of the hearing, the circuit court took the matter under advisement. In an opinion dated August 12 the circuit court rejected

plaintiff's argument that Washington lacked jurisdiction and refused to exercise jurisdiction itself as the Washington custody action was pending at the time of plaintiff's petition and because Michigan constituted an inconvenient forum. A judgment dismissing plaintiff's petition was entered September 22, 1976.

Plaintiff's motions for a rehearing and an order staying enforcement of the Washington decision were denied. Plaintiff was ordered to return the child to defendant in Washington by October 15. On September 30 this Court granted a stay pending appeal.

On appeal, plaintiff argues that the Leelanau County Circuit Court has jurisdiction under the Uniform Child Custody Jurisdiction Act, MCLA 600.651 *et seq.;* MSA 27A.651 *et seq.*[1] She also assails the lower court's determination that the pending Washington proceeding precluded the exercise of jurisdiction by a Michigan court and contests the court's ruling that Michigan is an inconvenient forum for resolution of the custody dispute.[2]

By 1975 PA 297, effective March 31, 1976, Michigan adopted the Uniform Child Custody Jurisdiction Act promulgated by the National Conference of Commissioners of Uniform Laws. 9 ULA 99, pp 99–131. The act is intended to:

---

[1] Plaintiff alternatively contends that jurisdiction may be founded upon § 6 of the Child Custody Act of 1970, MCLA 722.26; MSA 25.312(6). That section concerns venue, however, rather than jurisdiction. *See, Kubiak v Steen,* 51 Mich App 408; 215 NW2d 195 (1974).

[2] Plaintiff would also have this Court review the trial court's ruling that Washington properly has jurisdiction of the custody matter. As plaintiff submitted that issue to the Washington court by appearing specially, however, she is bound by that court's determination as to its jurisdiction. The proper method of challenging the decision is by seeking review in the state courts of Washington. *Johnson v Haley,* 357 Mich 411; 98 NW2d 555 (1959); 47 Am Jur 2d, Judgment, § 1260, pp 255–256.

"(a) *Avoid jurisdictional competition and conflict with courts of other states* in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being.

"(b) Promote cooperation with the courts of other states so that a custody decree or *judgment is rendered in that state which can best decide the case* in the interest of the child.

"(c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that *courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.*

"(d) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.

"(e) *Deter* abductions and other *unilateral removals of children undertaken to obtain custody awards.*

"(f) Avoid relitigation of custody decisions of other states in this state insofar as feasible.

"(g) Facilitate the enforcement of custody decrees or judgments of other states.

"(h) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.

"(i) Make uniform the law of those states which substantially conforms to sections 651 to 673."

MCLA 600.651; MSA 27A.651. (Emphasis supplied.)[3] The act has been adopted in nine states including Michigan.[4] Because of the relatively short time which has elapsed since it has been

---

[3] Uniform Child Custody Jurisdiction Act, § 1, 9 ULA 99, pp 103–104.

[4] 9 ULA 99, 1974–1976 Supp, p 29.

adopted in the various jurisdictions, there is a dearth of decisions interpreting the provisions at issue. The prefatory remarks of the commissioners and the notes following each of the sections, however, provide invaluable assistance in applying the act to the instant situation.

MCLA 600.653; MSA 27A.653,[5] provides in relevant part:

"(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:

"(a) This state is the home state of the child at the time of commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

"(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

*        *        *

"(2) Except under subsection (1)(c) and (d), the physical presence in this state of the child or of the child and 1 of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination."[6]

_____

[5] Uniform Child Custody Jurisdiction Act, § 3, 9 ULA 99, pp 106–107.

[6] " 'Home state' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned. Periods of

Plaintiff argues that Michigan has jurisdiction under MCLA 600.653(1)(b); MSA 27A.653(1)(b) as she and the parties' child are present in Michigan, are residents of the state and are domiciled here.[7] MCLA 600.653(2); MSA 27A.653(2), however, indicates that more is required to confer jurisdiction, as does the note concerning the provision.

"[Paragraphs (a) and (b) of subsection (1)] establish the two major bases for jurisdiction. In the first place, a court in the child's home state has jurisdiction, and secondly, *if there is no home state or the child and his family have equal or stronger ties with another* state, a court in that state has jurisdiction."

\* \* \*

"[Paragraph (b) of subsection (1) is supplemented by subsection (2)] which is designed to discourage unilateral removal of children to other states and to guard generally against too liberal an interpretation of paragraph [(b)]. *Short-term presence in the state is not enough even though there may be an intent to stay longer, perhaps an intent to establish a technical "domicile" for divorce or other purposes.*

"Paragraph [(b)] perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in [MCLA 600.651; MSA 27A.651]. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But *its purpose is to limit jurisdiction rather than to proliferate it.* The first clause of the paragraph is important: jurisdiction exists only if it is in the *child's* [emphasis theirs] interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the

temporary absence of the named persons are counted as part of the 6-month or other period." MCLA 600.652(e); MSA 27A.652(e). Uniform Child Custody Jurisdiction Act, § 2(5), 9 ULA 99, p 105.

[7] The trial court failed to rule expressly on whether Michigan has jurisdiction. By declining to exercise jurisdiction, however, the circuit court implicitly held that it had jurisdiction to resolve the dispute.

child is served when the forum has optimum access to relevant evidence about the child and family. *There must be maximum rather than minimum contact with the state.* " (Emphasis supplied.)

Assuming the facts argued by plaintiff, the ties of the parties and their child with Michigan cannot be said to be stronger than, or even equal to, those of Washington, the child's home state. They do not constitute maximum contacts with Michigan so as to confer jurisdiction on the Michigan court. Even if it could be concluded, however, that the Michigan court had jurisdiction to decide the custody dispute we find that the circuit court properly refused to exercise such jurisdiction in this case.

MCLA 600.656(1); MSA 27A.656(1)[8] provides:

"(1) A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state *exercising jurisdiction substantially in conformity with sections 651 to 673,* unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent." (Emphasis supplied.)

Plaintiff, pointing to the language underlined, argues that the statute is inapplicable to the instant case because Washington has not enacted the uniform act. The commissioners' prefatory remarks and explanation of the quoted section, however, lead this Court to conclude that a state exercises jurisdiction in substantial conformity with the act

---

[8] Uniform Child Custody Jurisdiction Act, § 6, 9 ULA 99, p 111.

when, regardless of the state's own law on the matter, it has jurisdiction under the criteria enumerated in the act. In the preface to the act, the commissioners state: "The Act is not a reciprocal law. It can be put into full operation by each individual state regardless of enactment of other states." 9 ULA 99, p 102. Uniform Child Custody Jurisdiction Act, § 6, Commissioners' Note, 9 ULA 99, p 112 states in part:

"When the courts of more than one state have *jurisdiction under [MCLA 600.653, 600.664; MSA 27A.653, 27A.664]* priority in time determines which court will proceed with the action, but the application of the inconvenient forum principle of [MCLA 600.657; MSA 27A.657] may result in the handling of the case by the other court.

"While jurisdiction need not be yielded under subsection [(1)] if *the other court would not have jurisdiction under the criteria of this Act,* the policy against simultaneous custody proceedings is so strong that it might in a particular situation be appropriate to leave the case to the other court even under such circumstances." (Emphasis supplied).

Under MCLA 600.653(1)(a); MSA 27A.653(1)(a), Washington had jurisdiction as the child's home state at the time defendant initiated suit in that state.

Finally, the circuit court properly declined to exercise jurisdiction on the basis that Michigan is an inconvenient forum for resolution of the dispute. MCLA 600.657; MSA 27A.657[9] provides in relevant part:

"(1) A court which has jurisdiction under sections 651

---

[9] *Id,* § 7, p 113.

to 673 to make an initial or modification decree or judgment may decline to exercise its jurisdiction before making a decree or judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

\* \* \*

"(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

"(a) If another state is or recently was the child's home state.

"(b) If another state has a closer connection with the child and his family or with the child and 1 or more of the contestants.

"(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships, is more readily available in another state.

"(d) If the parties have agreed on another forum which is no less appropriate.

"(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 651."

In the present case, the circuit court found that Washington was the only state in which the parties and their daughter had lived as a family and ruled that exercising jurisdiction would conflict with the intent of the act. We agree. Washington was the child's home state and the parties and their child are more closely connected with that state than Michigan. The exercise of jurisdiction by a court of this state would promote jurisdictional competition, disregard the closer connection of the child and family with another state and encourage unilateral removal of children for pur-

poses of obtaining custody awards, all in contravention of the express purposes of the act.[10]

Notwithstanding our determination that the lower court properly refused to exercise jurisdiction, we are unwilling to order the enforcement of the temporary custody order entered by the Washington court.

MCLA 600.665(1); MSA 27A.665(1) provides:

"A certified copy of a custody decree or judgment of another state may be filed in the office of the clerk of a court of this state. The clerk shall treat the decree or judgment in the same manner as a custody decree or judgment of a court of this state. A custody decree or judgment so filed has the same effect and shall be enforced in like manner as a custody decree or judgment rendered by a court of this state."[11]

_____

[10] Plaintiff argues that the best interest of the child should be determined by reference to the factors enumerated in § 3 of the Child Custody Act of 1970, MCLA 722.23; MSA 25.312(3). The factors contained therein are designed to facilitate a determination as to the substantive question of custody. MCLA 722.25; MSA 25.312(5). MCLA 600.657(3); MSA 27A.657(3) itself lists the factors to be considered in determining the best interest of a child for purposes of deciding upon the proper forum. Additional considerations which may be relevant are explained in Uniform Child Custody Jurisdiction Act, § 7, Commissioners' Note, 9 ULA 99, p 114:

"[Paragraphs (a) through (e) of subsection (3)] specify some, but not all, considerations which enter into a court determination of inconvenient forum. Factors customarily listed for purposes of the general principle of the inconvenient forum (such as convenience of the parties and hardship to the defendant) are also pertinent, but may under the circumstances be of secondary importance because the child who is not a party is the central figure in the proceedings."

[11] Uniform Child Custody Jurisdiction Act, § 15, 9 ULA 99, p 124. MCLA 600.652(d)(f); MSA 27A.652(d)(f) provides:

" 'Decree or judgment' or 'custody decree or judgment' means a custody determination contained in a judicial decree or order made in a custody proceeding, and includes an initial decree or judgment and a modification decree or judgment.

\* \* \*

" 'Initial decree or judgment' means the first custody decree or judgment concerning a particular child." Uniform Child Custody Jurisdiction Act, § 2, 9 ULA 99, p 105.

In explaining this provision, however, the commissioners stated:

"The authority to enforce an out-of-state decree does not include the power to modify it. If modification is desired, the petition must be directed to the court which has jurisdiction to modify under [MCLA 600.664; MSA 27A.664]. *This does not mean that the state of enforcement may not in an emergency stay enforcement if there is danger of serious mistreatment of the child.*" Uniform Child Custody Jurisdiction Act, § 15, Commissioners' Note, 9 ULA 99, p 124. (Emphasis supplied.)

In our opinion, enforcement of the temporary custody award under the facts of the present case would result in serious harm to the child. When divorce proceedings were originally commenced by plaintiff in Washington in January, 1976, defendant was awarded temporary custody. The parties reconciled and the action was dismissed. Plaintiff subsequently took custody of the child unilaterally and came to Michigan. If we now enforce the order granting temporary custody to defendant and the Washington court finally decides the custody matter in plaintiff's favor, we will have caused the child needless trauma. The repeated transfer of the child from one parent to another cannot have anything but an adverse psychological impact on her. We refuse to contribute to it. This Court in no way condones plaintiff's conduct in the instant case. We will not, however, make an innocent two-year-old child a means of punishment. We decline, therefore, to enforce the temporary order of the Washington court until a final adjudication as to custody has been made by that court.

The decision of the circuit court is affirmed, except insofar as it requires the plaintiff to return the child to the defendant prior to a final adjudication as to custody by the Washington court.

Costs to appellee.