EDWARD N. SCRUGGS, Retired Circuit Judge.
This mandamus proceeding involves the Uniform Child Custody Jurisdiction Act (UCCJA).
On September 29, 1977, the parties (hereinafter referred to as the father and the mother) were divorced by the Circuit Court of DuPage County, Illinois, and, pursuant to their agreement, the mother was granted primary custody of their two sons. On October 29, 1980, that Illinois court modified the previous custody judgment and granted the permanent custody of the two children to the father. The mother and the two boys presently reside in Pickens County, Alabama, where the father now seeks to enforce the latest Illinois custody decree. The mother petitions for a modification thereof.
*234 The trial court rendered a temporary judgment which granted, pendente lite, the custody of the two boys to their mother. In UCCJA cases, a change of custody by means of a temporary ex parte order should be sparingly utilized, and then only in cases where the well being of the child necessitates such an order. Wyatt v. Fahlsing, Civ. 2551 (Ala.Civ.App., March 25, 1981). On the other hand, the circuit court has the judicial discretion to maintain the status quo as to children’s custody in UCCJA litigation for a reasonable period of time until the case is determined. In re McDonald, 74 Mich.App. 119, 253 N.W.2d 678 (1977); Fry v. Ball, 190 Colo. 128, 544 P.2d 402 (1975).
The trial judge has not rendered a judgment either enforcing or refusing to enforce the Illinois judgment, and, in his brief filed in this court, contends that the case must be remanded for further proceedings. We agree. Mandamus is denied and this case is remanded to the Circuit Court of Pickens County in order that the eviden-tiary hearing, or hearings, may be promptly held in the trial court to ascertain, among other issues, whether the October 29, 1980, judgment of the Circuit Court of DuPage, Illinois, should be enforced- under the UCCJA. Wyatt v. Fahlsing, supra.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
MANDAMUS DENIED. CASE REMANDED.
All the Judges concur.