No. 52,012

JOSEPH W. KAISER, *Appellant,* v. FRANCES MCCLENDON, *Appellee.*

(639 P.2d 39)

Opinion filed January 15, 1982.

*Clyde M. Burns,* of Burns & Burns, P.A., of Lyndon, argued the cause and was on the brief for appellant.

*Frank M. Rice,* of Jones, Schroer, Rice, Bryan & Lykins, of Topeka, argued the cause and *Delton Gilliland,* of Coffman, Jones & Gilliland, of Lyndon, was with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This case is before the court on a petition for review of the decision of the Court of Appeals in *Kaiser v. McClendon,* 6 Kan. App. 2d 569, 631 P.2d 251 (1981).

Joseph W. Kaiser appealed a decision of the Osage District Court in which the court refused to enforce a child custody decree from the State of California under the provisions of the Uniform Child Custody Jurisdiction Act. K.S.A. 1980 Supp. 38-1301 *et seq.* (UCCJA). The Court of Appeals affirmed the trial court's decision and we granted appellant's petition for review.

Joseph W. Kaiser (appellant/father) and Frances McClendon (appellee/mother) husband and wife were residents of the State of California. Two children were born to the marriage which unfortunately ended in divorce. The divorce decree granted custody of the children to the appellee and provided she was not to remove the children from the State of California without prior approval of the court. In August, 1978, the appellee, having remarried, moved to Osage County, Kansas, bringing the children with her. She made no attempt to comply with the provisions of the divorce decree which required consent of the California court before removal of the children from the state. On September 18,

1978, appellant filed an order to show cause in the California court. It appears that the matter was regularly set for hearing and appellee was given proper notice in conformance with the appropriate California statutes. She appeared by her attorney and sought a continuance which was granted. When the matter came up for hearing the second time the appellee again sought a continuance based upon an affidavit of her doctor that one of the children was sick; that the child should not make a trip to California at that time; and that appellee should remain in Kansas to care for the child. The motion for a continuance was denied and the California court entered an order changing the custody of the two children from the mother to the father. The order of the court was based, at least in part, upon a report of the Sacramento Family Court Services which was received in evidence by stipulation of the parties.

The California order reads in its entirety:

"ORDER IN RE MODIFICATION OF CHILD CUSTODY AND
CHILD SUPPORT

"The above-entitled matter came on regularly for hearing in Department 14 of the Sacramento Superior Court on January 15, 1980, at the hour of 1:30 p.m., the Honorable Eugene T. Gualco, judge presiding. Petitioner was present in court and represented by his attorney, Stanley R. Estabrook, attorney at law, of the law firm of Russell, Jarvis, Estabrook & Dashiell, A Law Corporation. Respondent was not present in court but was represented by her attorney, Richard E. Lehrfeld, attorney at law.

"Respondent's motion made in open court to continue the matter because of illness of the son of the parties hereto, is denied.

"The court having considered the arguments of counsel and the recommendations contained in the report of the Sacramento Family Court Services, and petitioner's attorney having submitted the matter based upon the report of the Sacramento Family Court Services and the report having been received into evidence, IT IS FURTHER ORDERED, as follows:

"1. Petitioner is awarded the temporary care, custody and control of the minor child of the parties hereto, to-wit, DEIDRE KAISER, born March 16, 1968, and JAMES KAISER, born July 29, 1971, forthwith, with reasonable rights of visitation reserved to respondent.

"2. Petitioner's obligation to pay child support to respondent as heretofore ordered is terminated forthwith.

"3. Respondent is ordered to cooperate in returning the minor children to California to the custody of petitioner.

"4. This matter to be reset on noticed motion of the respondent.

DATED: Jan. 16, 1980          s/EUGENE T. GUALCO
                              JUDGE OF THE SUPERIOR COURT"

The order was filed January 16, 1980, and on January 22, 1980,

the appellant filed an action in Osage County seeking enforcement of the order. No evidence was introduced and the single, narrow question decided by the trial court, and the issue before this court, is whether a child custody order granting "temporary" custody is subject to enforcement under the UCCJA. California has adopted the uniform act with provisions similar to the Kansas act. Cal. Civ. Code,' §§ 5150 through 5174 (West).

The district court ruled:

"WHEREUPON, the Court having heard the arguments, having reviewed the files herein, and being otherwise fully advised in the premises, finds that the order entered by The Superior Court of the State of California in and for the County of Sacramento, as referred to above, is a temporary order only and that the same is not subject to enforcement by order of this Court in accordance with Kansas Uniform Child Custody Jurisdiction Act, K.S.A. 38-1201, et seq."

The court denied appellant's petition for enforcement of the order and the Court of Appeals affirmed the decision.

The Court of Appeals, while holding that temporary orders are enforceable under the UCCJA, went on to determine that the trial court had discretion to stay enforcement of the order if enforcement would operate to cause serious harm to the children. The decision appears to have been based upon *McDonald v. McDonald,* 74 Mich. App. 119, 253 N.W.2d 678 (1977), in which the court cited the Commissioner's Note to § 15 of the uniform act, 9 U.L.A. 99, p. 124, as follows:

" 'The authority to enforce an out-of-state decree does not include the power to modify it. If modification is desired, the petition must be directed to the court which has jurisdiction to modify. [Statutes omitted.] *This does not mean that the state of enforcement may not in an emergency stay enforcement if there is danger of serious mistreatment of the child.' "* 74 Mich. App. at 131.

The problem with the opinion of the Court of Appeals is that there was no evidence of any kind presented to the Osage District Court, the question of possible serious mistreatment of the children or the possible effects of shuttling the children back and forth were not at issue, and the sole question considered by that court was purely one of law as to whether the provisions of the UCCJA apply to the California order. We now turn to the statutes to seek a determination of the question properly before the appellate courts. K.S.A. 1980 Supp. 38-1302 is the definitions section of the uniform act as adopted in Kansas.

K.S.A. 38-1302 provides in part:

"(d) 'decree' or 'custody decree' means a custody determination contained in a judicial decree or order made in a custody proceeding, and includes an initial decree and a modification decree;

. . . .

"(f) 'initial decree' means the first custody decree concerning a particular child;

"(g) 'modification decree' means a custody decree which modifies or replaces a prior decree, whether made by the court which rendered the prior decree or by another court;"

Nowhere in the act is there any definition of a "temporary" decree or order. Appellant argues that all child custody decrees are temporary in the sense that the proper court always has jurisdiction to modify or change custody when the best interests of the child require it and also that the decree in this case, while granting temporary custody to appellee, does, in fact, modify the initial decree.

The "initial" custody decree in the present case was the divorce decree entered in California which placed custody of the children in the appellee. The order entered in January, 1980, in effect modified that decree. We do not deem the fact that the court granted "temporary" custody as being the controlling issue. The effect of the decree, regardless of the terminology which may have been used, is controlling as to the proper application of the UCCJA. Appellee appears to agree that if the decree is an "initial" or a "modification" decree it is enforceable.

K.S.A. 1980 Supp. 38-1313 provides:

"The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this act or which was made under factual circumstances meeting the jurisdictional standards of the act, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this act."

We agree with the Court of Appeals that a so-called "temporary" order just as an "initial decree" or "modification decree" is enforceable under the statutes. The order entered by the California court is in fact a modification of the initial divorce decree and should have been enforced by the Kansas court. While appellee dwells upon the language in the order which granted appellant "temporary" care, custody and control, it is to be noted that the actual caption of the order is "Order In Re Modification of Child Custody and Child Support."

Appellee further argues that the provision of the California

order which provides "This matter to be reset on noticed motion of the respondent" indicates that the California court contemplated additional proceedings before the order would be enforceable. We do not agree. It appears to us the court was merely pointing out to the appellee that she could come before the court at any time, upon proper motion and notice, and be given another opportunity to be heard. She has declined to do so the same as she declined to abide by the provisions of the original divorce decree. Our conclusion is supported by the record which contains correspondence from the California court pointing out the pertinent sections of the California code and seeking the assistance of the Kansas court in enforcing the California order.

The decision of the Court of Appeals is reversed, the decision of the district court is reversed and the case is remanded to the district court with directions to enforce the order of the California court.