432 So.2d 620 (1983)
In the matter of the ADOPTION OF K.C.P.
No. 82-1905.
District Court of Appeal of Florida, Fourth District.
May 25, 1983.
Rehearing Denied June 28, 1983.
*621 Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach and Peter Costanza, Ithaca, N.Y., for Thomas Frank, appellant.
Bruce Zeidel of Cohen & Scherer, P.A., North Palm Beach, for appellees.
WALDEN, Judge.
This is an appeal from a final judgment granting the petition of the aunt and uncle to adopt K.C.P., their nephew. The putative father appeals. We reverse.
The background details are neither illuminating nor necessary for our decision.
In short K.C.P. now age 9, was born and resided in New York State.
These events transpired:
1. On July 15, 1981, the aunt and uncle brought K.C.P. to Florida from New York.
2. On July 31, 1981, the father initiated custody proceedings in the State of New York, and service on the aunt and uncle followed a few days thereafter.
3. On October 27, 1981, the aunt and uncle filed adoption proceedings in the Circuit Court of Palm Beach County.
4. On December 7, 1981, The Honorable Hugh McMillian of the Palm Beach Circuit Court was notified by The Honorable William Barrett of the Family Court of the State of New York of the pendency of custody proceedings in New York, whereupon Judge McMillian properly entered an order on December 8, 1981, staying the Florida adoption proceedings.
5. On January 15, 1982, an order was issued by the New York court denying the motion of the aunt and uncle that the New York court decline jurisdiction over K.C.P., and this order was filed in the Florida proceedings.
6. On January 22, 1982, the aunt and uncle moved to vacate the Florida court's December 8, 1981, order staying the Florida adoption proceedings.
7. On February 3, 1982, Judge McMillian's successor on the bench vacated the stay order entered by his predecessor, despite a second notification by Judge Barrett, of the New York Family Court, that New York had exercised jurisdiction over the issue of custody of K.C.P.
8. On March 18, 1982, and again on April 1, 1982, Judge Barrett and the clerk of the Family Court of the State of New York filed in the Florida court proceedings Judge Barrett's "Decision and Order" dated March 5, 1982, in which permanent custody of K.C.P. was awarded to the putative father.
9. On August 16, 1982, the Circuit Court in and for Palm Beach County, entered final judgment granting the adoption of K.C.P. by his aunt and uncle, in spite of its cognizance of the facts set forth in paragraphs 4 through 8 of this opinion.
This appeal ensued.
The Uniform Child Custody Jurisdiction Act is found at Section 61.1302, Florida Statutes (1981), et seq. Of special interest to this case is Section 61.1304, Florida Statutes (1981), which states in pertinent part:
61.1304 Purposes of act; construction of provisions.  The general purposes of this act are to:
(1) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children *622 from state to state with harmful effects on their well-being.
(2) Promote cooperation with the courts of other states to the end that a custody decree is rendered in the state which can best decide the case in the interest of the child.
(3) Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.
(4) Discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child.
(5) Deter abductions and other unilateral removals of children undertaken to obtain custody awards.
(6) Avoid relitigation of custody decisions of the other states in this state insofar as feasible.

(7) Facilitate the enforcement of custody decrees of other states.
(8) Promote and expand the exchange of information and other forms of mutual assistance between the courts of this state and those of other states concerned with the same child.
(9) Make uniform the law with respect to the subject of this act among states enacting it. (Emphasis supplied.)
We shall refrain from any editorializing of either the design or the desirability of this Act, as the statute itself addresses the subject adequately. It is sufficient to find that the disposition of this case in Florida, under the circumstances, flagrantly ignores and contradicts the salutary intentions of the Act.
We, without more, vacate and reverse the final judgment here appealed by authority of Section 61.1314(1), Florida Statutes (1981), which provides:
(1) A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
See also Mondy v. Mondy, 428 So.2d 235 (Fla. 1983); Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982); Greene v. Greene, 432 So.2d 62 (Fla. 3d DCA 1983).
We remand so as to allow the enforcement of the New York custody decree pursuant to Sections 61.1328 and 61.1332(1), Florida Statutes (1981).
Reversed and remanded.
BERANEK and HERSEY, JJ., concur.