KLONT v KLONT

Docket No. 66527. Submitted May 10, 1983, at Lansing.—Decided
    September 21, 1983.

   Steven Klont, a citizen of the United States of America, met
   Evelin Klont, a citizen of the Republic of West Germany, while
   in Germany. Subsequently they were married in this state and
   were domiciled here when their child was born. After the birth
   of the child a divorce action was instituted in this state, but
   that action was dismissed when the parties reconciled. Both the
   parents and the child moved to Germany. While in Germany,
   Evelin Klont filed in the West German courts an action seeking
   a divorce and custody of the child. After a preliminary hearing
   on these matters in the West German court and on the day
   before a scheduled hearing on the divorce and custody action,
   Steven Klont took the child, returned to this state and filed in
   Ingham Circuit Court a petition seeking custody of the child.
   Evelin Klont filed an answer which alleged, among other
   things, that the Ingham Circuit Court did not have jurisdiction
   to hear the matter of the custody of the child because of the
   provisions of the Uniform Child Custody Jurisdiction Act.
   Patrick H. McCauley, J., denied the claim that the court lacked
   jurisdiction, basing the denial on the fact that there was no
   evidence that West Germany had recognized the Uniform Child
   Custody Jurisdiction Act, refused to give effect to the order of
   the West German court giving temporary custody of the child
   to Evelin Klont, and gave custody of the child to Steven Klont.
   Evelin Klont appeals. *Held:*

   The Uniform Child Custody Jurisdiction Act provides that
   child custody decrees or judgments of a foreign court shall be
   given recognition and enforcement if such decrees or judgments
   are entered after reasonable notice and opportunity to be heard
   has been afforded the affected parties. The act does not require
   that the act be adopted by the foreign jurisdiction for its
   provisions to be effective, rather the act premises the applica-

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 1106, 1145.
Validity, construction, and application of Uniform Child Custody
   Jurisdiction Act. 96 ALR3d 968.

tion of its provisions upon whether the foreign court's exercise of jurisdiction conforms with the criteria enumerated in the act. Since it is clear that the West German court had jurisdiction in the matter, that Steven Klont had reasonable notice and opportunity to be heard and that the West German court had not stayed proceedings and there was no emergency relating to mistreatment of the child, the Ingham Circuit Court erred in exercising jurisdiction in this matter.

Remanded for an order enforcing the order of temporary custody of the West German court.

PARENT AND CHILD — CHILD CUSTODY — JURISDICTION — FOREIGN JURISDICTION — UNIFORM CHILD CUSTODY JURISDICTION ACT.

The provisions of the Uniform Child Custody Jurisdiction Act require recognition and enforcement of child custody decrees and judgments entered in a foreign court if the decrees or judgments of such foreign jurisdiction are rendered after reasonable notice and opportunity to be heard has been given to all affected persons irrespective of whether such foreign jurisdiction has recognized the Uniform Child Custody Jurisdiction Act; accordingly, a Michigan court should refuse to exercise jurisdiction in a child custody dispute where child custody proceedings had been started in a West German court having jurisdiction over the parties and the child, the party seeking to bring proceedings in Michigan had a reasonable opportunity to be heard in the West German court, the proceeding in the West German court had not been stayed and there was no emergency related to the mistreatment of the child (MCL 600.656[1], 600.663, 600.673; MSA 27A.656[1], 27A.663, 27A.673).

*McKay, Murphy & Guerre, P.C.* (by *Libby Altman Berngard)*, for plaintiff.

*Smith & Smith* (by *L'Mell M. Smith)*, for defendant.

Before: MacKENZIE, P.J., and M. J. KELLY and S. EVERETT,* JJ.

PER CURIAM. The plaintiff in this case is an American citizen, while the defendant is a citizen of the Republic of West Germany. The parties met

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

in Germany and subsequently were married in this state. They were domiciled here for a period of time, during the course of which the child whose custody is in dispute was born.

After the birth of the child, a divorce action was instituted in Michigan, but the parties reconciled and the complaint was dismissed. They then moved to Germany, the defendant and the minor child going in July, 1980, when the youngster was 13 months old. The plaintiff, by agreement of the parties, followed in October, 1980.

In March, 1981, the parties separated again and the defendant filed in the West German courts a suit for divorce and for custody of the child. The plaintiff in this action was served and obtained counsel. After a hearing, the defendant was given the right to occupy the marital home and did so with the minor child. A hearing was scheduled in the West German court on May 13, 1982, in connection with the divorce and custody matter. The day before the hearing, plaintiff took the child and returned to this country. On May 25, 1982, he filed a petition for custody in the Ingham County Circuit Court.

The defendant filed an answer alleging, among other things, that the Ingham County Circuit Court did not have jurisdiction to hear the matter in view of the provisions of the Uniform Child Custody Jurisdiction Act. MCL 600.651 *et seq.;* MSA 27A.651 *et seq.* The German court on May 13, 1982, at the hearing which plaintiff did not attend, entered an order granting temporary custody to the defendant and scheduling continuation of the hearing for May 27, 1982.

The Ingham County trial judge concluded that he did have jurisdiction and a hearing was held, after which the judge concluded that the best

interests of the child would be served by awarding custody to the plaintiff father.

While the orders of the German court were admitted as evidence at the hearing, the judge stated that, because there was no evidence that West Germany had recognized the Uniform Child Custody Jurisdiction Act, he felt there was no alternative to his assuming jurisdiction. Section 673 of the act, MCL 600.673; MSA 27A.673, reads as follows:

"The general policies of sections 651 to 673 extend to the international area. The provisions of sections 651 to. 673 relating to the recognition and enforcement of custody decrees or judgments of other states apply to custody decrees or judgments and decrees involving legal institutions similar in nature to custody rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."

Section 656(1) of the act provides that a Michigan court shall not exercise its jurisdiction if at the time there is a child custody proceeding pending in a court of another state which has exercised jurisdiction substantially in conformity with the act. MCL 600.656(1); MSA 27A.656(1). Neither of the exceptions provided in § 656(1), that the foreign court has stayed its proceedings or there is an emergency related to mistreatment of the child, applies in the present case. Also, § 663 of the act requires Michigan courts to recognize and enforce decrees of a court of another state if it exercised jurisdiction under factual circumstances meeting the jurisdictional standards of the act. MCL 600.663; MSA 27A.663. The act is not a reciprocal enactment; therefore, § 656(1) and § 663 apply even if the foreign jurisdiction has not adopted the

act, so long as the foreign court's exercise of jurisdiction conforms with the criteria enumerated in the act. *McDonald v McDonald*, 74 Mich App 119, 127-128; 253 NW2d 678 (1977); *Bull v Bull*, 109 Mich App 328, 335; 311 NW2d 768 (1981).

It is clear that the German court had jurisdiction over the parties and their child under § 653(1)(a) of the act. Also, the plaintiff had prior notice of the hearing held in the German court on May 13, 1982, and the plaintiff may not claim that he had no reasonable oppportunity to be heard at that proceeding, since he purposefully failed to attend it. The action of the plaintiff was exactly that which the statute sought to prevent, namely, the unilateral removal of a child in order to obtain an award of custody. We are satisfied that the trial judge was in error in determining that the circuit court had jurisdiction rather than the West German court. His order is therefore set aside. The case is remanded with instructions to enter an order enforcing the temporary custody order of the West German court.