JOANOS, Judge.
In this interlocutory appeal from a trial court order effectively determining that temporary custody of the couple’s eight-year-old, minor child be with the wife, Ma-rinda, husband, Gary, contends the trial court erred in declining to enforce a Utah temporary custody decree awarding temporary custody to him, in failing to dismiss Marinda’s amended petition for temporary custody and in holding him in contempt of court. We agree and reverse.
Marinda and Gary were married in Utah on 6 June 1975. They lived continuously in Utah from 1978 until Marinda left on 6 January 1984, taking their minor child who was born 27 October 1976. Gary filed for divorce on 13 January 1984 in Utah. The Utah court assumed jurisdiction on the same date and awarded temporary custody to Gary during the pendency of the action. On 13 February 1984, Marinda petitioned the Florida court for separate maintenance and child support. Marinda amended her petition on 15 February 1984 to request temporary custody. She cited her intention to file for dissolution in Florida, once her residency requirements were met. Additionally, Marinda filed a motion to have the Florida court exchange information with the Utah court under the Uniform Child Custody Jurisdiction Act (UCCJA). Gary moved to have Marinda’s amended petition dismissed, citing the Florida court’s lack of subject matter jurisdiction under the UCCJA since Utah had assumed jurisdiction. Utah reasserted its jurisdiction on 6 March 1984 by reiterating the temporary custody award to Gary. On 15 March 1984, the Florida court expressed that it would not exercise jurisdiction should the Utah court decide to do so. Marinda moved the Utah court to stay its decision, while Gary, again, sought dismissal of the Florida suit and enforcement of the Utah decision. The Utah court denied Marinda’s motion, ordered a home study and ordered Gary to pay Marinda’s expenses to return to Utah for a temporary custody hearing. On 3 May 1984, The Florida court denied Gary’s pending motion, noting Marinda’s concession that Utah had jurisdiction, and cited McDonald v. McDonald, 74 Mich. App. 119, 253 N.W.2d 678 (1977) as support for the decision. Under the pretense of a dinner visit, Gary absconded with the child to Utah. Upon Marinda’s motion and following an order to show cause, Gary was held in contempt and an order for his arrest issued.
When the Utah court properly assumed jurisdiction and awarded temporary custody to Gary, the Florida court should have declined to exercise jurisdiction and dismissed Marinda’s petition. Mondy v. Mondy, 428 So.2d 235 (Fla.1983); Mainster v. Mainster, 466 So.2d 1228 (Fla. 2nd DCA 1985).
We recognize the validity of the rationale of the McDonald decision. Where there is an emergency and a danger of serious mistreatment of the minor child, the protection of the child from needless trauma justifies the non-forum state staying enforcement of the home state’s temporary custody decree. In an analogous situation, however, the court in Nelson v. Nelson, 433 So.2d 1015 (Fla. 3rd DCA 1983), addressed the emergency jurisdiction provisions of the UCCJA in a proceeding to modify an out-of-state permanent custody decree. The Nelson court found that in a situation where a Florida court is presented with substantial evidence of imminent physical or emotional danger to the child upon the child’s return to the custodial parent, under the doctrine of parens patriae, it is empowered to issue a temporary protective order to preserve the status quo for a limited time to allow the petitioner to apply to the state which has jurisdiction for a change of permanent custody. While the Florida court here was not asked to assert its jurisdiction in the face of a permanent custody degree from *1063 Utah, we see no reason to require less of a showing of imminent harm to the child to invoke Florida’s emergency jurisdiction to override a temporary custody decree issued in Utah. There was no showing to the Florida court that the minor child would be subjected to emotional or physical harm upon returning to Utah pursuant to the Utah temporary custody decree. Absent any supporting record evidence, the trial court improperly assumed emergency jurisdiction.
Given the trial court’s improper assumption of jurisdiction, the adjudication of contempt and order of arrest issued by the trial court is vacated.
Accordingly the trial court’s order is reversed and this cause is remanded for proceedings consistent with this opinion.
THOMPSON and ZEHMER, JJ., concur.