SHARP, Judge.
Robert Sommer appeals from a non-final order which enjoins him from removing his four-year-old son from the custody of his mother, Janice Sommer, in Palatka, Florida. The injunction also purports to alter Robert’s visitation rights with the child from those set forth in a decree issued by a court in Michigan. We affirm the injunction insofar as it declines to enforce the Michigan decree for a short term emergency situation; but we quash any provisions which purport to change in any way the Michigan court decree.
The parties and their child were formerly residents of Michigan. On April 15,1985, a Michigan court granted the parties a divorce and awarded custody of the child to Janice. It also gave Robert liberal visitation rights.
In June of 1985, Robert filed a petition in Michigan to change custody' to himself. And in July of 1985, Janice sought permission from the Michigan court to move with the child to Palatka, Florida. Her petition was granted and she and the child moved to Florida in August of 1985.
The modification of custody matter was not brought to trial until June of 1986. *774 The court denied Robert’s petition, but it granted him visitation from June 20, 1986 to October 1,1986 and from May 1, 1987 to August of 1987, plus every other holiday of four specific holidays. This decree was not signed by the court until August 18, 1986.
Acting on what must have been the Michigan court’s announced oral ruling in June, the parties began to carry out the June to August visitation provision. In July of 1986, Robert was given visitation with the child in Vermont. He had by then moved his residence from Michigan to Vermont.
Pursuant to the decree, Janice was allowed a five-day visitation with the child during the last weekend of each month when he was with his father. While exercising this visitation right at the end of July, Janice took the child back to Florida and has since refused to allow Robert to take him out of the State of Florida. As a result, she was fined and held in contempt by the Michigan court.
Robert filed suit in this state asking the Florida court to enforce the Michigan court’s decree regarding his visitation rights. Janice then filed a petition in the Florida court for an injunction to prevent Robert from exercising his visitation rights. She did not seek to modify the Michigan decree, but rather alleged it should not be enforced because the child was suffering severe psychological problems which might require hospitalization unless his condition stabilized.
Since we have no record of the hearing on these matters,[1] we must assume facts were sufficiently established below to prove the child was in a crisis and required a period of therapy in Florida before out-of-state visitations with Robert could be resumed. The affidavits of two mental health experts suggest the child’s functioning had begun to break down due to the stress and conflict created by his parents' tug of war over him, and that he might need to be hospitalized. The trial judge chided both parties equally for violating the spirit and intent of the law, and declared both had come to court with “unclean hands.” He threatened to put the child in foster care, and said both parties had behaved in such a manner as to constitute child abuse.
Because of this strong language and the tender years of the child in this case, we are willing to affirm the trial court’s injunction insofar as it temporarily declined to enforce the Michigan decree.[2] However, by its own terms the injunction defined the emergency as ending by the summer of 1987, since it specifically allowed Robert to take the child to Vermont for six weeks at that time. Accordingly, the Michigan decree must now be enforced.[3]
Janice argues that Florida has jurisdiction to modify the Michigan decree, pursuant to the emergency subject matter jurisdiction provisions of section 61.1308(l)(c)2. However, emergency jurisdiction under the UCCJA does not give a Florida court subject matter jurisdiction to modify a decree of a sister court entered while that state had subject matter jurisdiction pursuant to the UCCJA.[4] Michigan was the “home” state of this child at the commencement of the modification proceedings,[5] and it was the modified decree from that proceeding Robert was seeking to enforce in Florida.
Until the Michigan decree is modified by a court having subject matter jurisdiction *775 pursuant to the UCCJA, the Florida court must enforce it as written.[6] We note that in this case Florida now may have become this child’s home state because of his residence here with his mother in excess of six months and Robert’s removal of his residence from Michigan.[7] However, neither party in this case has asked the Florida court to assume subject matter jurisdiction to modify the Michigan decree, and we decline to reach that issue.
Accordingly, we affirm the order appealed insofar as it defers enforcement of the Michigan decree until the commencement of the summer, 1987 June 1,1987), but we quash the balance of the injunction which purports to alter the Michigan visitation decree. Further, we direct that the out-of-state decree be immediately and fully enforced.
UPCHURCH, C.J., and COBB, J., concur.

. See generally, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).

. See Gerber v. Gerber, 468 So.2d 1061 (Fla. 1st DCA 1985); Matter of Welfare of Mullins, 298 N.W.2d 56 (Minn.1980); Barcus v. Barcus, 278 N.W.2d 646 (Iowa 1979); In re McDonald, 74 Mich.App. 119, 253 N.W.2d 678 (1977).

. § 61.1328, Fla.Stat. (1985); McCormick v. Norman, 453 So.2d 515 (Fla. 2d DCA 1984); Greene v. Greene, 432 So.2d 62 (Fla. 3rd DCA 1983); see Matter of Adoption of K.C.P., 432 So.2d 620 (Fla. 4th DCA 1983); Brown v. Tan, 395 So.2d 1249 (Fla. 3rd DCA 1981); Tilden v. Locke, 383 So.2d 976 (Fla. 3rd DCA 1980); Dragoo v. Dragoo, 99 Wisc.2d 42, 298 N.W.2d 231 (Wisc.App.1980); Detko/Roberts v. Stikelether, 370 So.2d 383 (Fla. 4th DCA 1979).

. Gerber v. Gerber, 468 So.2d 1061 (Fla. 1st DCA. 1985); Nelson v. Nelson, 433 So.2d 1015 (Fla. 3rd DCA 1983); Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983).

. § 61.1308(l)(a)l, Fla.Stat. (1985).

. § 61.1328, Fla.Stat. (1985); Klont v. Klont, 130 Mich.App. 138, 342 N.W.2d 549 (1983); Kaiser v. McClendon, 230 Kan. 472, 639 P.2d 39 (1982).

. § 61.1308(1)(a)2, Fla.Stat. (1985); Prickett v. Prickett, 498 So.2d 1060 (Fla. 5th DCA 1986).