685 So.2d 13 (1996)
Penelope DAVIDIAN, Appellant,
v.
Leonard KESSLER, Appellee.
No. 96-2378.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
*14 Laura L. Brogan of Laura L. Brogan, P.A., Pompano Beach, for appellant.
Marina Garcia Wood of Garcia & Wood, P.A., Fort Lauderdale, for appellee.
KLEIN, Judge.
Appellant mother appeals the denial of her motion to transfer the litigation involving the custody of her children from Florida to South Carolina where she and her children now reside. We affirm.
The parties' marriage was dissolved in a Florida judgment providing for shared parental responsibility in 1994. Within the same year the father moved for modification in Broward County, Florida, alleging that the mother, who had since moved with the children to South Carolina, was denying him visitation. The mother moved for contempt in Florida alleging failure to pay child support, but prior to a final hearing, the mother filed a complaint in South Carolina seeking modification of the Florida judgment.
The Florida judge then spoke with the South Carolina judge, who advised that he had accepted jurisdiction over the case. Because the children were then living in South Carolina, the Florida judge stayed the Florida proceedings pending a determination in South Carolina. We reversed that stay, Kessler v. Davidian, 673 So.2d 957 (Fla. 4th DCA 1996), without prejudice to the trial court considering transfer under the inconvenient forum provision of the Uniform Child Custody Jurisdiction Act, section 61.1316(1), Florida Statutes (1995).
After remand, at an evidentiary hearing on the mother's motion for transfer, she testified that the reason she wanted to litigate in South Carolina was because South Carolina "is not a shared parental responsibility" state. That testimony, along with the fact that the wife has repeatedly refused to comply with the final judgment, as well as other Florida court orders regarding the father's visitation with the children, were two of the reasons the court denied the motion to transfer.
In section 61.13(2)(b)1-2, it is provided:
It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing. After considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child.
The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child.
The trial court found that the wife was "blatantly forum shopping" because South Carolina does not have shared parental responsibility. We agree. Her maneuver not only violates Florida's public policy in favor of shared parental responsibility, but also two of the purposes of the UCCJA, (1) avoiding relitigation of one state's custody decision in other states and (2) enforcement of one state's custody decree in other states. § 61.1304(6)-(7), Fla.Stat. (1995). We have not hesitated to reverse a Florida trial judge for violating those policies by refusing to recognize another state's decision. Matter of Adoption of K.C.P., 432 So.2d 620 (Fla. 4th DCA 1983).
*15 Section 61.1316 of UCCJA provides in part in subsection (3):
In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(a) If another state is or recently was the child's home state;
(b) If another state has a closer connection with the child and his or her family or with the child and one or more of the contestants;
(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.
Here, the court found that the father had witnesses residing in Florida and the mother had witnesses residing in or near South Carolina, and that no matter which forum was selected, it would be convenient for one party and inconvenient for the other. Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995).
We conclude that the trial court did not abuse its discretion in denying the motion to transfer and affirm.
DELL and WARNER, JJ., concur.