Argued January 10, affirmed June 6, 1978

CARSON, *Petitioner,*

*v.*

CARSON, nka MIEIRS, *Respondent.*

(No. 76-5582, CA 7600, SC 25538)

579 P2d 846

Michael F. Fox, Eugene, argued the cause for petitioner. With him on the Petition for Review was Hoffman, Morris, Van Rysselberghe & Giustina, Eugene. With him on the initial brief was Daughters & Fox, Eugene.

Roberta J. Lindberg, Lane County Legal Aid Service, Inc., Eugene, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

This is a proceeding brought by a father under the Uniform Child Custody Jurisdiction Act (UCCJA), ORS 109.700-109.930, to modify a California child custody decree awarding custody to the mother. The trial court declined to exercise jurisdiction and father appealed. The Court of Appeals affirmed the trial court, 29 Or App 861, 565 P2d 763 (1977), and this court granted review because it considered the opinion of the Court of Appeals misconstrued the UCCJA and this court's opinion in *Settle and Settle,* 276 Or 759, 766-67, 556 P2d 962 (1976) when it held that the California court had jurisdiction under the provisions of ORS 109.730 (1)(b) [Sec 3(a)(2)(i) and (ii) of the Uniform Act].

Father and mother were divorced in California in November 1973. The decree of dissolution awarded to father the custody of the female child in question, born August 27, 1970. Father secured actual physical custody of the child in July 1974, and she has resided with him in Eugene, Oregon, since that time. In June 1976, upon the request of mother, the child was sent to Los Angeles, California, for a visit, the understanding being that the visit would last about two months. Upon the elapse of the visitation period, father asked mother to deliver the child to father's brother, who was traveling to Eugene, so the child might be transported home. Mother informed father that she would only deliver the child to him in Los Angeles and that when he arrived to take delivery of the child he would be served with process in a proceeding to change custody. Father went to California and secured the child and was so served. He appeared in the California proceeding and litigated custody.

On October 15, 1976, as a result of the litigation, the California court entered an order changing custody to mother. However, at the time of the entry of this order there was pending an undisposed-of motion by father requesting the California court to decline the

exercise of jurisdiction, which motion was not disposed of until the entry of an order on October 21, 1976. This order reiterated the change of custody and denied the motion to decline the exercise of jurisdiction. Had the California court declined the exercise of jurisdiction, the order of October 15 would have been a nullity. It is therefore apparent that the litigation in California was at no time effectively terminated so as to result in an enforceable decree until October 21, 1976. The litigation was commenced in Oregon on October 19, 1976, to modify the California change of custody which did not become effective until October 21, 1976.

Up until now no one has bothered to take a look at the procedural posture of this case. First, one cannot bring a proceeding to change a custody order which is not yet in existence. Second, a change of custody requires a change of circumstances subsequent to the decree which is sought to be changed. Obviously, no such change could have been in existence on October 19 and no such change has been alleged.[1] Third, one cannot seek the relief of modification and in the same proceeding challenge the court's jurisdiction to render that which is sought to be modified. Father alleges the California court had no jurisdiction, but the allegation is inconsistent with the relief he seeks when he says,

> "This proceeding is a suit in equity under the Uniform Child Custody Jurisdiction Act to modify a modification decree entered by the Superior Court of California, County of Los Angeles, which changed custody of the minor child of the parties from the father, Petitioner-Appellant herein, to the Respondent mother. * * *."

The trial court and Court of Appeals, whatever their reasons, were correct in declining to hear father's petition for change of custody. It should be dismissed without prejudice to the bringing of any future proceedings.

---

[1] It could be argued that the order of October 15 was intended to decide all pending proceedings and that it would have been so treated had the order of October 21 never been entered. Even so, the petition to change custody is fatally defective for that purpose due to the lack of any allegation of a change of circumstances.