[No. 5816–2–II.   Division Two.   November 14, 1983.]

*In the Matter of the Marriage of* SUSAN VICKI STEADMAN, *Respondent, and* JOHN JOSEPH STEADMAN, *Appellant.*

*Patricia L. Morgan,* for appellant.

*Ward J. Rathbone,* for respondent.

WORSWICK, J.—We are asked to interpret the jurisdiction provisions, RCW 26.27.030, of the Uniform Child Custody Jurisdiction Act. John Steadman appeals a ruling by the Thurston County Superior Court that it had jurisdiction to determine custody of Zachery Steadman, child of Susan Steadman and John. Zachery was born in Maine and lived there until his parents separated. Because of John's failure to assign error to critical findings of fact, our task is application—with only slight interpretation—of the statute. We affirm.

Susan was born and brought up in Washington. Her mother and most of her family reside here. In August 1976 when she was 18, she went to Maine to visit an aunt. There, she met and married John. They resided in Maine. Their only child, Zachery, was born there on April 30, 1979. John and Susan separated on or about November 6, 1979. Susan immediately returned to Washington with Zachery and took up residence with her mother. In December 1979 she started this action. After John was served, he started proceedings in Maine but the Maine courts, awaiting the outcome here, have taken no action. John unsuccessfully challenged the jurisdiction of the Washington courts to determine custody. In due course, the Superior Court dissolved the marriage, distributed the marital property, and awarded custody of Zachery to Susan. John appeals only the custody award.

The UCCJA is not a device by which the singular and exclusive jurisdiction of any state to determine custody can be determined with crystalline finality. Rather, it affords the means by which a court may determine its own jurisdiction by applying a set of rational principles. *See generally Hudson v. Hudson,* 35 Wn. App. 822, 670 P.2d 287 (1983); Uniform Child Custody Jurisdiction Act, 9 U.L.A. 111, Comm'rs Note to § 3, at 123 (Master ed. 1979). As between states which have adopted the act, the state in which action is brought first will be permitted to go for-

ward. RCW 26.27.060.[1] It follows that the first state—Washington, in this instance—is empowered to determine its own jurisdiction. *See generally Hudson v. Hudson, supra.*

■ Where, as here, the action is first initiated in other than the "home state," the principles for determining jurisdiction are set forth in RCW 26.27.030(1)(b)–(d). RCW 26.27.030(1)(b) applies here. It provides:

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if the conditions as set forth in any of the following paragraphs are met:
. . .

(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; . . .

Susan is a "contestant." RCW 26.27.020(1). As to her "significant connection" with this state, we have found few cases that discuss this term and none that define it.[2] However, we believe that it contemplates a factual determination (*see Leschi Imp. Coun. v. State Hwy. Comm'n*, 84 Wn.2d 271, 283, 525 P.2d 774 (1974); *Miebach v. Colasurdo*, 35 Wn. App. 803, 813, 670 P.2d 276 (1983)), and we con-

---

[1]RCW 26.27.060 provides in part:

"Simultaneous proceedings in other states. (1) A court of this state shall not exercise its jurisdiction under this chapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this chapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

Maine has adopted the act. Me. Rev. Stat. Ann. tit. 19, §§ 801–825 (West 1982).

[2]It apparently was the intent of the drafters of the uniform act that the term be elastic and determined on a case–by–case basis. *See Hudson v. Hudson*, 35 Wn. App. at 830.

clude that the presence here of several supportive family members clearly establishes a "significant connection" with this state for Susan.

The more intriguing question is what, factually, constitutes a "significant connection" for an infant child, but we do not reach that question. The court commissioner who heard John's motion challenging jurisdiction explicitly found as fact that "the said minor child has a significant connection with the State of Washington, and that substantial evidence exists in the State of Washington concerning the best interests of the minor child." Finding of fact XVI, Commissioner's order of June 24, 1980. On John's motion to revise, the hearing judge explicitly held "that the findings of fact . . . stated [in the Commissioner's order] are hereby sustained . . ." John has not assigned error to these findings. They are verities in this court. *Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n,* 91 Wn.2d 48, 586 P.2d 870 (1978).

Thus, the requirements of RCW 26.27.030(1)(b) have been met: both Susan and Zachery have a "significant connection" with Washington, and the evidence necessary to determine the elements of custody is available to the court. Jurisdiction was properly accepted.

Affirmed.

PETRICH, C.J., and PETRIE, J., concur.