469 So.2d 221 (1985)
Cecil E. JOHNSON, Appellant,
v.
Sandra Lee FARRIS, a/k/a Sandra Lee Johnson, Appellee.
No. 84-2087.
District Court of Appeal of Florida, Second District.
May 24, 1985.
*222 Richard A. Lazzara, Tampa, for appellant.
Stephen C. Cheeseman of Cheeseman, Stevens & Harris, Tampa, for appellee.
GRIMES, Judge.
This appeal concerns the jurisdiction over a petition for modification of custody under the Uniform Child Custody Jurisdiction Act.
The marriage of the parties was dissolved by final judgment rendered in Hillsborough County on September 13, 1976. Custody of the parties' son was awarded to the wife. The judgment gave the husband reasonable but unspecified visitation rights and directed that neither party could remove the child from the jurisdiction of the court without written permission of the other or by court order. In September of 1978, the court entered two postjudgment orders awarding definitive child visitation rights to the husband. In 1980 the court denied the husband's motion for change of custody but at the same time held the wife in contempt for violating the court's order with respect to moving the child out of its jurisdiction. However, the court withheld sentence for the contempt pending the wife's future conduct in the cause.
On July 3, 1984, the husband filed a petition for modification seeking the permanent custody of the child. The wife moved to dismiss on the grounds that the court lacked jurisdiction and that in any event Florida was not the appropriate forum to entertain the petition. At a hearing on the wife's motion, the following facts were developed.
The child was born in Hillsborough County on February 26, 1972, and resided there with the parties until the judgment of dissolution. Following the dissolution, the parties attempted a reconciliation and lived together along with the child in Plant City from November of 1976 until May of 1977. The reconciliation was unsuccessful but the wife continued to reside with the child in Hillsborough County until February of 1980. From that date until May 1982, the wife and child lived in the State of Wisconsin. In May of 1982 they moved to Lakeland and lived there until September of 1982. The wife and child then moved to Denton, Texas, where they have lived ever since. At the present time, they live in a rented home along with the wife's new husband. The child attends school in Denton. Both the husband and the wife's parents still live in Hillsborough County. The husband has exercised his visitation rights at his home in Tampa to the fullest extent which included a week at Christmas each year, two months each summer, and Easter vacations every other year. At the conclusion of the hearing, the court made the observation that jurisdiction was connected with Texas and entered an order granting the wife's motion to dismiss.
Section 61.1308, Florida Statutes (1983), sets forth jurisdictional requisites of the Uniform Child Custody Jurisdiction Act.
61.1308 Jurisdiction. 
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:

*223 1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
The statute clearly contemplates the possibility of concurrent jurisdiction in courts of more than one state but evidences an intent that only one of those courts should exercise its jurisdiction. In reviewing the comparable provisions of the Oregon Act in Carson v. Carson, 29 Or. App. 861, 565 P.2d 763 (1977), aff'd, 282 Or. 469, 579 P.2d 846 (1978), the court stated:
Under the Act the court must go through a multistep process in determining whether to exercise jurisdiction. First it must ascertain whether it has jurisdiction under ORS 109.730. If it finds that there is jurisdiction, then the court must determine whether there is a custody proceeding pending or a decree in another state which presently has jurisdiction. If so, the Oregon court must decline to exercise its jurisdiction. ORS 109.760(1) and 109.840(1). Finally, assuming the court has jurisdiction and there is not a proceeding pending or a decree, the court then must determine under ORS 109.770 and 109.780 whether to exercise its jurisdiction because of convenient forum.
29 Or. App. at 863-866, 565 P.2d at 764-765 (footnotes omitted).
In support of his claim for Florida jurisdiction, the husband relies on section 61.1308(1)(b). In Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980), the parties obtained a Florida divorce in 1974 with temporary custody of their child being awarded to the husband. The husband moved with the child to New Jersey in 1975. Five years later, the wife petitioned the Florida court for an order of permanent custody. The acceptance of jurisdiction under section 61.1308(1)(b) was affirmed on the premise that the wife still lived in Florida and that the child still had a significant connection with this state by virtue of having visited with her mother in Florida on three occasions. The court noted that under the statute it was not the relative wealth of evidence available in either state that was at *224 issue but, rather, whether there existed in Florida substantial evidence regarding the child's present or future care, protection, training, and personal relationships. In support of its holding, the court included the following footnote:
The reporter for the Uniform Law Committee dealth specifically with the retaining of jurisdiction, under these circumstances, by the state entering the initial decree:
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the "home state" under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years.
Bodenheimer, Uniform Child Custody Jurisdiction Act, 22 Vanderbilt L.Rev. 1207, 1237 (1969) cited in Clark v. Superior Court, 73 Cal. App.3d 298, 307, 140 Cal. Rptr. 709, 714 (1977).
391 So.2d at 791 n. 2. Accord O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984); Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979).
The foregoing cases involved facts which were less compelling for a determination of Florida jurisdiction than those of the instant case. Here, the court has continued to exercise jurisdiction over the child since the divorce, and the child has lived in Florida much of this time including at least two months each year. Therefore, we hold that the court had jurisdiction to entertain the husband's petition.
Nevertheless, the wife contends that the order entered below can be affirmed under the rationale of section 61.1316, Florida Statutes (1983), which reads in part:
(1) A court which has jurisdiction under this act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
We cannot tell from the record whether the court was declining to exercise jurisdiction because Florida was an inconvenient forum or whether the court was of the view that it had no jurisdiction whatsoever. When a court exercises its discretion to decline jurisdiction under this statute, it is obligated under subsection (8) thereof to notify the court found to be the more appropriate forum of this fact. Since there is nothing in the record to suggest that this has been done, we hesitate to assume that the court was acting under section 61.1316.
We reverse the order granting the wife's motion to dismiss for lack of jurisdiction and remand for further proceedings in which the court may consider whether or not to decline to exercise its jurisdiction under section 61.1316.
RYDER, C.J., and LEHAN, J., concur.