WARNER, Judge,
dissenting in part and concurring in part.
I respectfully dissent from the reasoning of the majority opinion. This case does not raise a question of jurisdiction but of proper forum.
Section 61.1308(l)(a)2, Florida Statutes (1987), provides that the courts of Florida may exercise jurisdiction in a custody dispute if this state:
Had been the child’s home state within six months before commencement of the proceeding, and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
The petition for modification in this case was filed during the pendency of the appeal, at which time the courts of Florida were still exercising jurisdiction over these parties and continued to exercise it until the termination of all of the appellate proceedings. I disagree with the conclusion reached in the majority opinion that the filing of the petition had no force or effect because it was filed during the time the appeal, and the trial court was divested of jurisdiction. While the trial court may not have had the ability to act on the petition, it does not change the time of “commencement of the proceeding.” Furthermore, even if we were to determine that the proceeding were not “commenced” because of the pendency of the appeal, the appeal itself gives the courts of Florida continuing jurisdiction over this cause. Therefore, I find that there was a basis for exercising jurisdiction under section 61.1308(1)(a)2; and the trial court did not have to consider whether it also had jurisdiction under section 61.1308(1)(b).
The real question in this case is whether or not the trial court should decline to exercise that jurisdiction because Florida is now an inconvenient forum. This must be considered under section 61.1316, Florida Statutes (1987). It is on those grounds, and not the issue of jurisdiction, upon which the trial court may consider declining to act in this matter. See Johnson v. Farris, 469 So.2d 221 (Fla. 2d DCA 1985). Therefore, I would reverse and remand for further proceedings, without prejudice to raising the question of inconvenient forum. The trial court:
[M]ay decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
§ 61.1316(1), Fla.Stat. (1987).