MOORE v MOORE

Docket Nos. 126035, 130789. Submitted October 9, 1990, at Grand Rapids. Decided November 6, 1990, at 9:30 A.M.

Beth Ann Moore filed a complaint against her husband, Larry N. Moore, in the Kalamazoo Circuit Court, seeking sole legal custody of the parties' minor child. Thereafter, the defendant filed an action for divorce from the plaintiff in Kentucky. The plaintiff subsequently amended her complaint in Michigan to seek a divorce from the defendant. The defendant moved for summary disposition, contending that the Michigan court lacked subject-matter jurisdiction and that the Kentucky action involved the same claim. The Michigan court granted the plaintiff a preliminary injunction and prohibited the child's removal from Michigan. Three days later, the Kentucky court granted temporary custody to the defendant. Eventually, the Michigan court, William G. Schma, J., granted the defendant's motion for summary disposition, ruling that it did not have jurisdiction over the plaintiff's divorce action because the plaintiff had not resided in Michigan for at least 180 days when she filed her original complaint. It also held that jurisdiction of the child custody dispute properly was in the Kentucky courts. The plaintiff appealed.

The Court of Appeals held:

The trial court erred in failing to determine under the Uniform Child Custody Jurisdiction Act which court had jurisdiction of the child custody dispute, requiring vacation of its order dismissing the plaintiff's complaint for custody and remand for further proceedings.

1. The Uniform Child Custody Jurisdiction Act, which has been adopted by both Michigan and Kentucky, provides that a court presented with a child custody dispute must ascertain whether it has jurisdiction over the case and determine whether another state also has jurisdiction under § 3 of the uniform act. If it finds that more than one state has jurisdic-

REFERENCES

Am Jur 2d, Divorce and Separation §§ 964, 1004, 1145.

Validity, construction, and application of Uniform Child Custody Jurisdiction Act. 96 ALR3d 968.

tion, it must next determine which state, pursuant to § 6 of the uniform act, should decide the custody dispute.

2. Under § 6, a court must decline to exercise its jurisdiction where, at the time of the filing of the custody petition in that court, a custody proceeding is pending in a court of another state and the other state has exercised jurisdiction substantially in conformity with the uniform act.

3. In this case, the Michigan court erred in failing to make these determinations before declining to exercise jurisdiction.

Vacated and remanded.

PARENT AND CHILD — CHILD CUSTODY DISPUTES — CONFLICT OF LAWS — UNIFORM CHILD CUSTODY JURISDICTION ACT.

A court presented with a child custody dispute under the Uniform Child Custody Jurisdiction Act must ascertain whether it has jurisdiction over the case under the act and determine whether another state also has jurisdiction of the dispute; if the court finds that more than one state has jurisdiction, it must next determine which state, under the act, should decide the custody dispute; a court must decline to exercise its jurisdiction where, at the time of the filing of the custody petition in that court, a custody proceeding is pending in a court of another state and the other state has exercised jurisdiction substantially in conformity with the uniform act (MCL 600.653, 600.656; MSA 27A.653, 27A.656).

*Charles E. Martell,* for the plaintiff.

*Birkhold & Associates, P.C.* (by *Mark C. Charter*), for the defendant.

Before: MACKENZIE, P.J., and SAWYER and R. B. BURNS,* JJ.

PER CURIAM. This is a child custody dispute. Plaintiff mother appeals as of right from an order granting summary disposition in favor of defendant father and dismissing her petition for custody of the parties' minor daughter, Claire, born April 27, 1988. We vacate the order and remand the case.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

I

The sole issue in this case is whether Michigan or Kentucky has jurisdiction to determine the dispute regarding custody of Claire. The record indicates that the parties were married in Michigan in 1981 and resided here until October or November 1988, when they moved to Kentucky with Claire.

The parties returned to Michigan on about May 4, 1989. Defendant went back to Kentucky the following August. Plaintiff remained in Michigan with Claire, although she made a trip to Kentucky to gather her belongings.

On September 28, 1989, plaintiff filed a complaint in Michigan for custody of Claire and moved for temporary custody and a preliminary injunction preventing Claire's removal from Michigan.

On October 5, 1989, defendant filed for divorce in Kentucky. On October 27, defendant moved for summary disposition of plaintiff's Michigan complaint pursuant to MCR 2.116(C)(4), lack of subject-matter jurisdiction, and 2.116(C)(6), another action has been initiated between the same parties involving the same claim. Plaintiff subsequently amended her custody complaint to also seek a divorce; she had not yet been served notice of the Kentucky divorce action filed by defendant.

On November 17, 1989, the Michigan court granted plaintiff's motion for a preliminary injunction and prohibited Claire's removal from Michigan.

On November 20, 1989, the Kentucky court granted defendant temporary custody of Claire. There is some question whether plaintiff received proper or timely service notifying her of the hearing resulting in this order. Further, it appears that the Kentucky court failed to stay its custody pro-

ceeding or contact the Michigan court regarding the custody dispute.

On January 19, 1990, the Michigan court ruled on defendant's motion for summary disposition. The court concluded that it did not have jurisdiction over plaintiff's divorce action since she had not resided in Michigan for 180 days when she filed her original complaint. See *Stamadianos v Stamadianos,* 425 Mich 1; 385 NW2d 604 (1986). The court then held that Kentucky had jurisdiction over the custody dispute, relying on MCL 600.656(1); MSA 27A.656(1) and *Peterson v Peterson,* 464 A2d 202 (Me, 1983).

II

This case is governed by the Uniform Child Custody Jurisdiction Act (UCCJA). Both Michigan and Kentucky have adopted the act. MCL 600.651 *et seq.*; MSA 27A.651 *et seq.*; KRS 403.400 *et seq.*

Under the UCCJA, when a child custody dispute is presented, the court must go through a multi-step process in determining whether to exercise jurisdiction. *Carson v Carson,* 29 Or App 861; 565 P2d 763 (1977), aff'd 282 Or 469; 579 P2d 846 (1978). First, it must ascertain whether it has jurisdiction over the case. *Id.* Jurisdiction is governed by § 3 of the UCCJA, MCL 600.653; MSA 27A.653. As relevant to this case, jurisdiction exists under MCL 600.653(1); MSA 27A.653(1) where:

(a) This state is the home state of the child at the time of the commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming custody or for other reasons, and a parent or

person acting as parent continues to live in this state.

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

For purposes of MCL 600.653(1)(a); MSA 27A.653(1)(a), "home state" is defined as

the state in which the child immediately preceding the time involved lived with his or her parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of the named persons are counted as part of the 6-month or other period. [MCL 600.652(e); MSA 27A.652(e).]

The next inquiry is whether another state also has jurisdiction of the dispute under the UCCJA. See *Carson, supra,* 29 Or App 861. The provisions of MCL 600.653; MSA 27A.653 again apply.

If the court finds that more than one state has jurisdiction, it must next determine which state should decide the custody dispute. Section 6 of the UCCJA, MCL 600.656; MSA 27A.656, sets forth the mechanism for making this determination. Under that section, priority in time of filing ordinarily controls which state shall proceed with the action so long as the court having priority is "exercising jurisdiction substantially in conformity with this act." *Hickey v Baxter,* 461 So 2d 1364 (Fla App, 1984). MCL 600.656; MSA 27A.656 provides in pertinent part:

(1) A court of this state shall not exercise its jurisdiction under sections 651 to 673 if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction substantially in conformity with sections 651 to 673.

The mere filing of a custody petition in another state does not constitute that state's "exercising jurisdiction." *Hobbs v Hobbs,* 508 So 2d 677, 680 (Miss, 1987). There must be some order of the court indicating it has assumed jurisdiction following filing of the pleading. *Id.*

III

In this case, the trial court did not determine whether, under MCL 600.653; MSA 27A.653, either Michigan or Kentucky had jurisdiction of the parties' child custody dispute. Instead, the court simply declined jurisdiction on the basis of MCL 600.656(1); MSA 27A.656(1). The court concluded that, although plaintiff had filed her complaint for custody in Michigan before defendant filed his divorce action in Kentucky, the Kentucky court was the first court to exercise its jurisdiction and therefore was the proper court to decide the dispute.

We conclude that the trial court's decision was erroneous for three reasons. First, it is not clear on this record whether Kentucky had jurisdiction over the dispute as defined by the UCCJA. Whether or not Kentucky had "home state" jurisdiction under MCL 600.653(1)(a); MSA 27A.653(1)(a) and MCL 600.652(e); MSA 27A.652(e) depends on whether the parties and the child resided in that state for six months before they returned to Michigan on about May 4, 1989. The trial court did not decide this question, and conflicting evidence in

the record precludes us from making such a determination. Nor does the record reveal the extent of the child's ties to Kentucky. It therefore cannot be determined whether Kentucky had "significant connection" jurisdiction under MCL 600.653(1)(b); MSA 27A.653(1)(b). Thus, it is quite possible that the trial court in this case declined to exercise its jurisdiction in favor of a state which lacked jurisdiction under the UCCJA.

Second, it is not clear from this record whether the trial court even had jurisdiction which it could decline to exercise. It is apparent that the court did not have "home state" jurisdiction under MCL 600.653(1)(a); MSA 27A.653(1)(a) since the child had not resided in Michigan for six months prior to the filing of plaintiff's complaint for custody. The record neither establishes nor fails to establish whether Michigan had "substantial connection" jurisdiction under MCL 600.653(1)(b); MSA 27A.653(1)(b).

Third, even if both Kentucky and Michigan had jurisdiction over the dispute, the trial court erroneously declined to exercise its jurisdiction on the basis of MCL 600.656(1); MSA 27A.656(1). Under that section, exercise of jurisdiction is to be declined when, *at the time of filing the custody petition* in this state, a custody proceeding is "pending in a court of another state" *and* the other state has "exercis[ed] jurisdiction substantially in conformity with this act." Neither prerequisite appears to have been satisfied here.

At the time plaintiff filed her complaint for custody in Michigan, no custody proceeding was "pending" in Kentucky; defendant had not yet filed for divorce there. Furthermore, the record strongly suggests that, even if the Kentucky action were pending for purposes of MCL 600.656(1); MSA 27A.656(1), the court in that state had not

exercised its jurisdiction (if any) in substantial compliance with the UCCJA. As noted, it appears that the Kentucky court neglected to communicate with the Michigan court, as required by the act, before entering its temporary custody order. See *Hickey, supra.*

In declining to exercise its jurisdiction under MCL 600.656(1); MSA 27A.656(1), the trial court in this case ruled that it had to defer to Kentucky because Kentucky was the first state to actually exercise its jurisdiction. See *Peterson, supra.* We reject *Peterson* to the extent that it completely read out of UCCJA § 6 the requirement that a court must decline to exercise its jurisdiction if "at the time of filing the petition" an action is pending in another state exercising jurisdiction. The drafters of the UCCJA obviously believed that the time of filing was a critical consideration in deciding which court should exercise its jurisdiction. Accord *Hickey, supra; St Andrie v St Andrie,* 473 So 2d 140 (La App, 1985); *Steadman v Steadman,* 36 Wash App 77; 671 P2d 808 (1983); *McCarron v Jefferson Co Dist Court,* 671 P2d 953 (Colo, 1983). We therefore hold that MCL 600.656(1); MSA 27A.656(1) should be read both literally and completely: A court must decline to exercise its UCCJA jurisdiction "if at the time of filing the petition a proceeding concerning the custody of the child is pending in a court of another state exercising jurisdiction." If no court has assumed jurisdiction when a petition is filed, as in this case, the court need not decline jurisdiction on the basis of MCL 600.656(1); MSA 27A.656(1).

IV

On the basis of the above, we vacate the order of the trial court dismissing plaintiff's complaint for

custody and remand for further proceedings. On remand, the court shall first determine if it has jurisdiction under the UCCJA to hear the custody dispute. If it is determined that Michigan has jurisdiction, the court shall next determine whether Kentucky also has jurisdiction under the UCCJA. For purposes of this determination, we note that Kentucky's divorce jurisdiction does not necessarily include UCCJA jurisdiction, the criteria of MCL 600.653; MSA 27A.653 control. See 9 ULA, UCCJA, § 3, Comment, p 145. If it is decided that both states have jurisdiction, the court shall not decline to exercise its jurisdiction pursuant to MCL 600.656(1); MSA 27A.656(1), but instead shall follow the procedure set forth at MCL 600.656(3); MSA 27A.656(3) and communicate with the Kentucky court to decide the appropriate forum. See *Wachter v Wachter,* 439 So 2d 1260 (La App, 1983); *In re Petition of Edilson,* 637 P2d 362 (Colo, 1981).

Order of summary disposition vacated and case remanded. We retain no further jurisdiction.