BRADEN v BRADEN

Docket No. 190887. Submitted May 14, 1996, at Marquette. Decided June
25, 1996, at 9:00 A.M.

Jane M. Braden brought an action in the Marquette Circuit Court
against Todd D. Braden, seeking a divorce and a determination
with respect to the custody of the party's minor child. The child
was born in Florida in January 1991 and lived in Florida until Janu-
ary or February 1993, when the plaintiff moved to Michigan, bring-
ing the child with her. In April or May 1993, the child returned to
Florida. The plaintiff returned to the marital home in Florida from
June to October 19, 1994, when she and the child returned to Mich-
igan. On October 24, 1994, the defendant filed a complaint for
divorce in Florida, and on October 28, 1994, the plaintiff filed the
present action for divorce and child custody. The circuit court,
Edward A. Quinnell, J., determined under the provisions of the Uni-
form Child Custody Jurisdiction Act, MCL 600.651 *et seq.*; MSA
27A.651 *et seq.*, that both Michigan and Florida could have exer-
cised jurisdiction, that Florida was the child's home state, and that
because the Florida proceeding had been commenced before the
Michigan proceeding, Florida had exercised jurisdiction before
Michigan. The court further concluded that Florida was a more
convenient forum for hearing the custody dispute. Accordingly, the
court declined further involvement in the dispute pursuant to the
provisions of the uniform act. The plaintiff appealed.

The Court of Appeals *held*:

1. Although there is no dispute with the trial court's determina-
tion that both Florida and Michigan could have exercised jurisdic-
tion and that Florida was the child's home state under the provi-
sions of the uniform act, the court erred in finding that the Florida
court assumed jurisdiction, because the mere filing of the ex parte
petition for custody in the Florida court does not evidence that the
Florida court had assumed jurisdiction. Accordingly, the trial court
should have contacted the Florida court before it determined that
the Florida court had exercised jurisdiction.

2. Despite the trial court's erroneous determination that the Flor-
ida court had jurisdiction on the basis of a prior exercise of juris-
diction, the trial court, after consideration of the provisions of MCL

600.657; MSA 27A.657, properly declined to exercise further jurisdiction on the basis of its conclusion that, under the facts of this case, Florida should have jurisdiction because it is the more convenient forum for the parties to resolve their custody dispute. The trial court's decision to decline further jurisdiction was not so violative of fact and logic that it constituted an abuse of discretion.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT — CONVENIENT FORUM.

A court may decline jurisdiction in a child custody dispute pursuant to the Uniform Child Custody Jurisdiction Act where it finds that it is an inconvenient forum and that a court in another state is a more appropriate forum; in determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction (MCL 600.657; MSA 27A.657).

*James B. Mitchell, Jr.*, for the plaintiff.

Todd D. Braden, in propria persona.

Before: HOOD, P.J., and MARKMAN and A. T. DAVIS, JR.,* JJ.

PER CURIAM. Plaintiff appeals as of right the circuit court's September 21, 1995, order declining to exercise further jurisdiction in a custody matter and deferring the custody issues to a Florida court. We affirm.

The sole issue in this case is whether Michigan or Florida has jurisdiction to determine the dispute regarding custody of the minor child. The trial court's findings of fact are undisputed. The child at issue, Kelsey Racquel Braden, was born January 24, 1991, in Florida and lived in Florida for all but one year of her life. She had resided in Florida for the six months before being brought to Michigan, where custody was sought by plaintiff, her mother. Plaintiff and defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant were married on December 19, 1979, in Florida. In January or February of 1993, plaintiff and the child moved to Marquette County, Michigan. In April or May, the child returned to Florida. Plaintiff did not file any action to secure her daughter's return to Michigan. Rather, plaintiff went to Florida in June of 1994 and moved back into the marital home, where she stayed until October 1994. On October 19, 1994, plaintiff and the child returned to Michigan, where they presently reside. On October 24, 1994, defendant filed a complaint for divorce in Florida. On October 28, 1994, plaintiff filed suit for divorce and child custody in Michigan and received an ex parte interim award of custody of the child.

The trial court determined, after receiving affidavits and pleadings in the matter, that although both Michigan and Florida could have exercised jurisdiction, Florida was the child's home state. It also found that because the Florida proceeding had been commenced before the Michigan proceeding, Florida had exercised jurisdiction before Michigan. Finally, it concluded that Florida was a more convenient forum for the hearing of the custody suit because more information about the child and her parents was available in Florida. Therefore, the court declined further involvement pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA).

Plaintiff argues that the trial court's jurisdictional determination was erroneous under the UCCJA. Plaintiff contends that the trial court failed to conduct the multistep inquiry to determine which state has jurisdiction as required and that the ultimate ruling was based on the unsubstantiated assumption that Florida

had exercised jurisdiction over the custody dispute before the Michigan pleading was filed.

This case is governed by the UCCJA, which has been adopted by both Michigan and Florida. MCL 600.651 *et seq.*; MSA 27A.651 *et seq.*, Fla Stat Ann 61.1302 *et seq.* Under the UCCJA, when a child custody dispute is presented, the court must go through a multistep process in determining whether to exercise jurisdiction. *Moore v Moore*, 186 Mich App 220, 223; 463 NW2d 230 (1990). First, it must ascertain whether it has jurisdiction over the case. *Id.* Jurisdiction is governed by § 3 of the UCCJA, MCL 600.653; MSA 27A.653. As relevant to this case, jurisdiction exists under MCL 600.653(1); MSA 27A.653(1) where:

> (a) This state is the home state of the child at the time of the commencement of the proceeding or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state.
>
> (b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

For purposes of MCL 600.653 (1)(a); MSA 27A.653(1)(a), "home state" is defined in MCL 600.652(e); MSA 27A.652(e) as

> the state in which the child immediately preceding the time involved lived with his or her parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons men-

tioned. Periods of temporary absence of the named persons
are counted as part of the 6-month or other period.

The next inquiry is whether another state also has
jurisdiction of the dispute pursuant to the provisions
in MCL 600.653; MSA 27A.653. *Moore, supra,* p 224.

In this case, the trial court correctly determined
that pursuant to the act, both Florida and Michigan
could have exercised jurisdiction. The trial court
found, and neither party disputed, that there was
jurisdiction in Michigan pursuant to MCL
600.653(1)(b); MSA 27A.653(1)(b), because the child
had a significant connection with the state. The trial
court also correctly determined that Florida had juris-
diction because, by definition, Florida was the child's
home state. MCL 600.652(e); MSA 27A.652(e). The
court found that the child had been "back to Florida
for more than six months starting April 1, 1994 or
thereabouts, and had returned to Michigan only days
before both the Florida and Michigan divorce pro-
ceedings were begun."

Once it made that determination, the trial court
was then charged with making a determination con-
cerning which court should actually proceed with the
matter. *Moore, supra.* Pursuant to MCL 600.656(1);
MSA 27A.656(1), priority in time of filing ordinarily
controls which state shall proceed with the action.
MCL 600.656; MSA 27A.656, in pertinent part,
provides:

> (1) A court of this state shall not exercise its jurisdiction
> under sections 651 to 673 if at the time of filing the petition
> a proceeding concerning the custody of the child is pending
> in a court of another state exercising jurisdiction substan-
> tially in conformity with sections 651 to 673, unless the pro-
> ceeding is stayed by the court of the other state because

this state is a more appropriate forum or for other reasons or unless temporary action by a court of this state is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

\*     \*     \*

(3) If the court is informed during the course of the proceeding that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with section 669 to 672. If a court of this state has made a custody decree or judgment before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction, it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

Therefore, if the Florida court assumed jurisdiction before the Michigan court assumed jurisdiction, the Michigan court was obligated to allow Florida to proceed. *Moore, supra,* p 227.

In this case, the trial court erred in declining to exercise further jurisdiction because it concluded that the Florida court had assumed jurisdiction first. It is undisputed that defendant filed his divorce action in Florida first. However, the mere filing of a petition in another state does not evidence that the state has exercised jurisdiction. *Id.*, p 225. Rather, a court must issue an order, after the pleading is filed, indicating

that it has assumed jurisdiction. *Id.*[1] The Michigan file is devoid of any orders or other evidence demonstrating that the Florida court had exercised jurisdiction over these proceedings at any time. Therefore, the trial court's assumption that the Florida court had exercised jurisdiction by issuing an ex parte order when defendant filed his Florida action was not based on any facts presented to the trial court. Because the trial court was unclear with respect to the undertakings of the Florida court, its failure to comply with the statute by contacting the Florida court to discuss which court had priority was error, and its conclusion was erroneous. MCL 600.656(3); MSA 27A.656(3).

This error, however, is not fatal to the trial court's ultimate decision. Even if a court has priority in time, it can nevertheless decline jurisdiction. Pursuant to MCL 600.657; MSA 27A.657, a Michigan court may decline to exercise jurisdiction over custody matters where it determines that another forum is more appropriate or convenient for the parties. MCL 600.657; MSA 27A.657, in relevant part, provides:

> (1) A court which has jurisdiction under sections 651 to 673 to make an initial or modification decree or judgment may decline to exercise its jurisdiction before making a decree or judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

*   *   *

---

[1] Another panel of this Court previously held that the dates of the filings of the complaints are controlling when determining priority. *Dean v Dean,* 133 Mich App 220, 223; 348 NW2d 725 (1984). However, *Moore* is controlling pursuant to Administrative Order No. 1996-4.

(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(a) If another state is or recently was the child's home state.

(b) If another state has a closer connection with the child and his family or with the child and 1 or more of the contestants.

(c) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state.

(d) If the parties have agreed on another forum which is no less appropriate.

(e) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 651.

In its September 1, 1995, memorandum, the trial court, in determining that Florida was a more convenient forum to determine the custody issues, stated the following:

It clearly appears that Florida is the more convenient forum. Father has lived there all his life; Mother lived there for several years; certainly evidence as to the fitness of both parents would be available there, as well as evidence concerning their financial circumstances and the like. [The child] has last lived in Florida for more than half of her life. If there is to be a contested custody hearing, Florida is clearly the more appropriate forum.

The decision of a court to decline jurisdiction on the basis of a finding that another forum is more convenient or appropriate is reviewed for an abuse of discretion. *Brown v Brown*, 181 Mich App 61, 71; 448

NW2d 745 (1989).[2] Moreover, to be an "abuse of discretion" the result must be so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias. *Id.*

The trial court in this case appropriately considered the factors set forth in the UCCJA and cannot be said to have abused its discretion in determining that Florida was the more convenient forum for the parties to resolve their custody dispute. After considering the facts presented, the trial court found that the child was born in Florida and lived in Florida for all but one year of her life. The child was living in Florida for approximately six months before the Michigan pleading was filed. Florida was the child's home state. Florida had closer connections to the child than did Michigan. Further, the evidence concerning the fitness of the parents and their financial circumstances and the child's records were in Florida. On the basis of the facts presented on the record, we are not persuaded that the court's decision was so violative of fact and logic that it constituted an abuse of discretion. We therefore conclude that the court's decision to decline further jurisdiction does not require reversal. MCL 600.657; MSA 27A.657.

Affirmed.

---

[2] The standards of review cited by plaintiff in her appellate brief are incorrect.