Wilder, P.J.
 

 Plaintiff Wanda Young, formerly known as Wanda Punturo, appeals by leave granted
 
 [1]
 
 from the February 22, 1999, order of the Grand Traverse Circuit Court that denied plaintiff’s motion to dismiss a
 
 *49
 
 parenting time review pending in the circuit court. Plaintiff asserts the circuit court erred in finding that under the Uniform Child Custody Jurisdiction Act (UCCJA), MCL 600.651
 
 et seq.,
 
 Michigan had jurisdiction over the parenting time dispute in this case. We agree with plaintiff, reverse the order of the circuit court, and remand with instructions that this case be dismissed for lack of jurisdiction.
 

 I. FACTS AND PROCEEDINGS
 

 In September 1992, plaintiff filed for divorce in the Grand Traverse Circuit Court. In October 1992, plaintiff and the children, one boy, aged five, and one girl, aged eleven months, moved to Tuscaloosa, Alabama, with defendant’s consent and the court’s permission. The divorce judgment was entered on June 4, 1993. Under the provisions of the judgment, plaintiff was granted physical custody of the children while defendant was granted “reasonable visitation as the parties may mutually agree and arrange with advance notice.” It is undisputed that plaintiff and the children have lived in Alabama continuously since October 1992. It is also undisputed that while defendant exercised parenting time here in Michigan, he also frequently spent time with the children in Alabama, as well as in Florida, where he would take the children for spring break and extended vacations.
 

 According to defendant, when the parties’ son, who was then eleven years old, informed his parents that he wanted to move to Michigan to live with defendant, plaintiff refused to arrange parenting time for the 1998 Christmas holiday, the 1999 spring break, and the summer of 1999. On January 12, 1999, defendant wrote to the Grand Traverse Circuit Court
 
 *50
 
 Friend of the Court (FOC), asking the foc to schedule a parenting time review hearing and to establish a parenting time schedule. In response to this filing, on January 19, 1999, plaintiff filed a petition to modify the divorce decree in the Tuscaloosa County Circuit Court in the state of Alabama. On January 20, 1999, an order was entered in the Grand Traverse Circuit Court directing plaintiff to appear on February 2, 1999, before the FOC for a review of the parenting time schedule.
 

 On February 1, 1999, plaintiff filed a special appearance with the Grand Traverse Circuit Court. On February 2, 1999, plaintiff filed an ex parte motion in the Grand Traverse Circuit Court seeking suspension of the parenting time review scheduled for that same date before the FOC. The motion was denied. On February 12, 1999, plaintiff filed a motion in the Grand Traverse court to dismiss the parenting time review proceeding. Plaintiff contended in her motion that pursuant to § 653 of the UCCJA, MCL 600.653, the Alabama court rather than the Michigan court had jurisdiction over all custody and parenting time determinations. Plaintiff also contended that even if the Michigan court did have jurisdiction over the matter, §§ 656 and 657 of the UCCJA mandated that the Michigan court defer any exercise of jurisdiction until both courts had communicated to determine the more appropriate forum to decide this parenting time dispute. MCL 600.656, 600.657.
 

 On February 19, 1999, argument was heard on plaintiffs motion to dismiss. Plaintiff asserted that because the children had lived in Alabama for most of their lives, attended school in Alabama, and lived in Alabama with plaintiff, their stepfather, and extended
 
 *51
 
 family, Alabama rather than Michigan had jurisdiction over the parenting time dispute. Plaintiff further argued that because plaintiffs employment records, as well as the children’s school, medical, and community records, were located in Alabama, it was evident that Alabama properly had jurisdiction over this matter. In addition, plaintiff advised the Michigan court that on February 16, 1999, the Tuscaloosa County Circuit Court had entered an order finding that jurisdiction was properly vested in Tuscaloosa County, Alabama.
 
 [2]
 
 Specifically, the order observed:
 

 Based on the sworn testimony of Wanda Punturo (Young) that the minor children have lived in the State of Alabama since 1992, and that they have attended no other school for the last seven years other than the schools here in Tuscaloosa, Tuscaloosa [sic] is apparently the home state of the children and therefore Alabama has the power to render a modification of the original decree.
 

 In the event some other state also claims jurisdiction then this Court will discuss with the appropriate judge of that state which forum would be more convenient to hear this matter.
 

 The Michigan court relied on the provision in the 1993 divorce judgment that stated that the Grand Traverse Circuit Court “shall retain jurisdiction over the parties of this action until the minor children reach the age of 18 years, or graduate from high school, whichever shall later occur,” to hold that Michigan retained jurisdiction over parenting time
 
 *52
 
 disputes between the parties. The Michigan Court also found that the Alabama court should have stayed proceedings until the Michigan court declined jurisdiction. On February 23, 1999, the Michigan court entered an order that made the following findings: (1) on the basis of the language of the judgment of divorce, Michigan retained jurisdiction over the parenting time dispute; (2) defendant had requested a parenting review by the foc before plaintiff filed her Alabama petition to modify the judgment; and (3) because § 656 of the UCCJA states that “a court of one state may not exercise [] jurisdiction if, at the time of filing of the petition, a proceeding concerning the custody of the . . . children is pending in a court of another state,” Alabama should not have exercised jurisdiction “unless and until” the Michigan court stayed its proceedings because Alabama “would be a more convenient forum.” The Michigan court then went on to find that Alabama was not a more convenient forum and indicated that pursuant to an investigation and report of the FOC, an order modifying the judgment of divorce would issue.
 
 [3]
 
 On February 25, 1999, the Michigan court entered an order modifying the judgment of divorce by awarding defendant parenting time with the children “[e]very summer vacation . . . beginning one week after school concludes until one week before school resumes, every spring break . . . , [and] every other Christmas break
 
 *53
 
 in it’s [sic] entirety, [and] in alternate years from the day after Christmas until [t]he conclusion of the Christmas break.”
 

 On March 4, 1999, plaintiff filed a motion for reconsideration and a motion to rescind the order modifying the judgment of divorce, since the Michigan court’s order erroneously found that plaintiff did not file her petition in Alabama until February 12, 1999, when in reality the petition had been filed on January 19, 1999. The Michigan court denied these motions on the basis that because defendant’s letter seeking parenting time review was received by the foc on January 12, 1999, the present proceedings began in Michigan before plaintiff filed her initial petition in Alabama on January 19, 1999.
 

 Defendant then filed a motion in the Alabama court seeking dismissal of plaintiff’s petition for lack of jurisdiction. In an order dated March 25, 1999, the Alabama court denied the motion, finding again that, pursuant to the UCCJA, Alabama had jurisdiction over the custody dispute and that because the children had lived in Alabama since 1992, the children’s medical records, school records, and evidence regarding “the care, protection, training and personal relationships of the children” were in Alabama, it was evident that Alabama was the more convenient forum to decide this issue. Defendant moved for reconsideration of this order and plaintiff petitioned for a specified summer parenting time schedule. On May 10, 1999, the Alabama court denied defendant’s reconsideration motion and ordered that defendant would exercise his summer parenting time from July 1, 1999, through August 4, 1999.
 

 
 *54
 
 On June 3, 1999, the Michigan court found plaintiff in contempt “for failing to provide parenting time between [defendant and the children during Spring Break, 1999,” and assessed plaintiff $250 in costs. In a hearing held on October 1, 1999, plaintiff challenged the contempt finding, contending that because the Alabama court continued to exercise jurisdiction, Michigan did not have jurisdiction under the uccja, and that because plaintiff was in compliance with the orders of the Alabama court, she could not be held in contempt for violation of orders entered by the Michigan court. These challenges were rejected by the Michigan court.
 

 n. STANDARD OP REVIEW
 

 While the determination whether to exercise jurisdiction under the uccja is within the discretion of the trial court,
 
 Brown v Brown,
 
 181 Mich App 61, 71; 448 NW2d 745 (1989), and will not be reversed absent an abuse of that discretion,
 
 Braden v Braden,
 
 217 Mich App 331, 338-339; 551 NW2d 467 (1996), the question whether a court has subject-matter jurisdiction to hear a particular claim is a question of law that we review de novo.
 
 Genesis Center PLC v Comm’r of Financial & Ins Services,
 
 246 Mich App 531, 540; 633 NW2d 834 (2001).
 

 HI. ANALYSIS
 

 Plaintiff first argues that the trial court erred in determining that it had jurisdiction over this parenting time dispute. We agree.
 

 At the time this dispute arose, both Alabama and Michigan had adopted the UCCJA. See MCL 600.651
 
 *55
 

 et seq.
 
 and Ala Code § 30-3-20
 
 et seq.
 

 [4]
 

 Under the uccja, when a child custody dispute is presented, the first inquiry for any court is whether it has jurisdiction over the case. See MCL 600.653.
 
 Braden, supra
 
 at 334. MCL 600.653 provides:
 

 (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree or judgment if any of the following exist:
 

 (a) This state is the home state of the child at the time of the commencement of the proceeding or had been the child’s home state within 6 months before commencement of the proceedings and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state.
 

 (b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least 1 contestant, have a significant connection with this state and there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships.
 

 (c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.
 

 (d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a), (b), or (c) or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child
 
 *56
 
 and it is in the best interest of the child that this court assume jurisdiction.
 

 (2) Except under subsection (l)(c) and (d), the physical presence in this state of the child or of the child and 1 of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
 

 (3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
 

 See also Ala Code § 30-3-23.
 

 The record in this case establishes that the children lived with plaintiff and their extended family in Alabama for most of their young lives, that they have attended school only in Alabama, and that they were not present in Michigan at the time this dispute arose. Thus, not only is it clear that Michigan did not have jurisdiction under subsection 1(a) or 1(c), it is also evident that Alabama had jurisdiction under prerequisites in accordance with subsection 1(a) and 1(b). See MCL 600.653(l)(d); Ala Code § 30-3-23. In addition, because the plaintiffs employment records and the children’s school, medical, and community records were all located in Alabama, and the record establishes that the children spent a great deal of their time with defendant in Alabama, it was not in the best interests of the children for the Michigan court to assume jurisdiction, and therefore, Michigan did not obtain jurisdiction under subsection 1(b). See
 
 Bivins v Bivins,
 
 146 Mich App 223, 232; 379 NW2d 431 (1985), citing
 
 McDonald v McDonald,
 
 74 Mich App 119; 253 NW2d 678 (1977) (the child’s best interest is served only when the forum has optimum access to relevant information about the child and family). For all these reasons, we conclude that the
 
 *57
 
 Michigan court did not have jurisdiction over the children in this case. See MCL 600.653;
 
 Bivins, supra.
 

 We are not persuaded that MCL 552.17a(l), which provides that the court making orders or judgments relative to custody and parenting time maintains jurisdiction over the minor children involved until they reach the age of majority, requires a different result. When two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails and is viewed as an exception to the general statute.
 
 Schubert v Dep’t of Treasury,
 
 212 Mich App 555, 559; 538 NW2d 447 (1995);
 
 Estabrook v Lincoln Nat’l Life Ins Co,
 
 172 Mich App 450, 454; 432 NW2d 733 (1988);
 
 In re Johnson Estate,
 
 152 Mich App 200, 205; 394 NW2d 136 (1986). Here, because MCL 600.653 specifically addresses whether a Michigan court should exercise jurisdiction in a custody or parenting time dispute when the children do not live in Michigan, it prevails over MCL 552.17a(l), which addresses only generally the power of the court to maintain jurisdiction to resolve future custody and parenting time disputes.
 

 Because the Michigan court lacked jurisdiction over this case, its orders finding plaintiff in contempt for failure to comply with the Michigan parenting time schedule were “absolutely void.”
 
 In re Hague,
 
 412 Mich 532, 544; 315 NW2d 524 (1982), citing
 
 Fox v Univ of Michigan Bd of Regents,
 
 375 Mich 238, 242; 134 NW2d 146 (1965).
 

 IV. CONCLUSION
 

 The Grand Traverse Circuit Court erred in finding that it had jurisdiction over the parenting time dispute in this case. Accordingly, we reverse the Grand
 
 *58
 
 Traverse Circuit Court’s February 23, 1999, order finding that it had jurisdiction over this dispute, its February 25, 1999 order modifying the divorce decree,
 
 [5]
 
 and its June 3, 1999, and November 4, 1999, orders finding plaintiff in contempt. Further, we remand with instructions that this case be dismissed for lack of jurisdiction pursuant to MCL 600.653. We do not retain jurisdiction.
 

 Reversed and remanded.
 

 [1]
 

 Young v Punturo,
 
 unpublished order of the Court of Appeals, entered April 7, 2000 (Docket No. 223586.).
 

 [2]
 

 This order was entered after the filing of plaintiffs verified petition for modification on January 19, 1999, and plaintiffs verified petition for enforcement of jurisdiction dated February 11, 1999. The Alabama court had also entered an order on January 25, 1999, directing both parties to attend an educational seminar entitled “Children Cope With Divorce,” or the equivalent, within forty-five days of the January 25, 1999, order.
 

 [3]
 

 The order also specified that no determination was being made with respect to where future hearings regarding custody disputes should be heard. In addition, the Michigan judge apparently wrote to the Alabama judge to advise that the Michigan court would not dismiss the parenting time review motion because of “our long-standing jurisdiction and our parenting review being in progress when the motion was filed in your court.”
 

 [4]
 

 Effective January 1, 2000, Alabama repealed the uccja in favor of the Uniform Child Custody Jurisdiction and Enforcement Act (uccjea). However, because this dispute arose in late 1998 and early 1999, it is clear that, at all relevant times, both states resolved jurisdiction disputes regarding custody pursuant to their respective versions of the uccja.
 

 [5]
 

 Because we conclude that the Grand Traverse Circuit Court did not have jurisdiction over this dispute, we need not decide whether the Grand Traverse Circuit Court erred in modifying the divorce decree without a motion from either party or a recommendation from the friend of the court.